The opinion of the court was delivered by
Horton, C. J.:
This was an action' brought by the plaintiff in error against the defendant in error, for damages for an alleged assault and battery. Five thousand dollars were claimed as damages, and plaintiff obtained an order of attachment against the property of the defendant. This was levied on real estate — the property of the defendant — appraised at the value of $4,200. The defendant moved the court to discharge the attachment as to a part of the property attached, upon various grounds, but mainly because the levy under the attachment was excessive. The language of the motion upon this point is as follows: “ The levy upon the property of de *356 fendant, to the extent made, is gross oppression and wrong, and has been made — and the amount of property attached, to wit, of the value of $8,000, belonging to defendant — out of malice and spite by plaintiff toward the defendant; that the plaintiff cannot hope or expect to recover from the defendant in said action more than the. sum of $100, though he sues for the sum of $5,000, and that plaintiff claims the said sum of $5,000, and lays his damage in said sum in his petition, and in his affidavit, as a matter of form only.”
Upon the hearing of the motion, the defendant admitted that he had assaulted plaintiff, but did not offer any evidence as to the value of the property attached, excepting lot 9, in block 129, in the city of Winfield, which he alleged was reasonably and abundantly worth the sum of $2,000, and more than sufficient to satisfy any judgment and costs that the plaintiff might recover. The court permitted affidavits pro and con, for the purpose of determining the severity of the injuries inflicted upon the plaintiff by defendant, and the probable amount of damages that plaintiff might recover upon the trial, and thereon ordered that property appraised at the aggregate value of $2,900 be released,- and discharged from attachment.
We do not think the action of the court can be sustained. While an excessive levy is sufficient ground, when properly proved, to discharge a part of the property attached, the court is not justified in hearing upon affidavit any question concerning the probable amount of damages that a plaintiff is entitled to recover under his petition. (Lord v. Gaddis, 6 Iowa, 57.) Such an inquiry leads directly into the nature, validity and justness of the plaintiff’s claim, and does not concern the truthfulness of any of the grounds upon which the attachment is sued out. Where the grounds of attachment are not denied, and it is sought to release property from an excessive levy, the only question for the court to determine is, whether too much property has been taken under the attachment to satisfy the claim or damages alleged. The court is not to investigate what amount of recovery the plaintiff is likely to *357 obtain upon a trial, but only whether the property taken is more than sufficient to satisfy the claim of plaintiff. If property is taken upon attachment.in excess of the amount of damages claimed, the court, after an investigation as to the value, of such property, may discharge the attachment as to so much of the property attached as is in excess in value of the damages alleged. But to go further, and to discharge the property upon an inquiry as to the probable result of the action upon a trial of the merits of the case, might in some cases work gross injustice to a plaintiff. For instance: In this case the damages alleged are $5,000. The property attached, as appraised, was valued at $4,200. The order of the court discharged property of the value of $2,900, leaving attached property of the value of $1,300 only. Defendant admitted that he assaulted the plaintiff, and that he dealt him four or five blows with his fist. The affidavit of the plaintiff shows that he is a minister of the gospel; that he was peaceably walking along a public street in the city of Winfield, on his way home from the post office, when he was unlawfully attacked by the defendant; that he was knocked down, falling partly into the gutter, and getting his clothes on one side covered with mud and filth; that his face, neck and head were badly bruised and injured; and that he was wholly prevented, by reason of the injuries so received, from following his usual and ordinary avocation for a period of two weeks; .that, although the assault occurred on the 24th day of October, 1881, on the 2.d day of December following he was partially disabled by reason of the said injuries, and that he had not at that time fully recovered from the effects thereof.
Under the rule established in this state, the plaintiff may recover not only for the actual damages received from defendant, but in addition plaintiff may also recover exemplary damages for the lawless acts inflicted by defendant by way of penalty or punishment. (Malone v. Murphy, 2 Kas. 250; Wiley v. Keokuk, 6 Kas. 94.) Therefore, as the jury upon a trial will be at liberty to disregard the rule of mere compensation in fixing the amount of damages, it may be that plain *358 tiff will recover a sum in excess of the value of the property not discharged by the order of the court. If such should be the case, then sufficient property will not be retained, if the order of the court is permitted to stand, to satisfy the judgment. In Hinckle v. Money, 2 Wils. 205, the jury gave a verdict for £300 in an action for assault and imprisonment; and a motion for a new trial was denied, although it was supposed £20 would be sufficient damages for the mere injury. The same court in a case of assault and battery, said that the jury were the proper judges of the damages, and that when a blow had been given by the defendant, which might have called forth a challenge and death might have ensued, the jury had done right in giving exemplary damages. ( Grey v. Grant, 2 Wils. 252.)
In Fabrigas v. Mostyn, 2 W. Black. 929, a verdict for £3,000 damages was not disturbed, and the court said it was very difficult to interpose with respect to the quantum of damages in actions for any personal wrong; that the jury (not the-court) are to assume the adequate satisfaction. Many other authorities to the same effect could be cited, but it is unnecessary.
In addition to the right of the defendant to have an excessive levy set aside, under an attachment where property is taken in excess of the claim or damages alleged, he can obtain the discharge of all the property attached, by the execution of an undertaking to the plaintiff, with sufficient sureties in double the amount of the plaintiff’s claim, conditioned that the defendant shall perform the judgment of the court. (Code, §231.) Therefore, under the principle adopted in this decision, and the provisions of the code, it seems to us that the defendant has ample remedy, without authorizing the court to release, at its discretion, property attached of less value than the amount of the claim stated in the affidavit, on the pretense of an excessive levy, or excessive attachment.
The order of the district court discharging the property from attachment must be reversed, and the attachment and *359 levy thereunder be continued in full force until the final disposition of the action, or until the defendant has obtained a discharge thereof by the execution of a sufficient undertaking.
All the Justices concurring.