J. C. COLVIN, ADMINISTRATOR OF TOM COLVIN, v. KITCHEN LUMBER
COMPANY ET AL.

(Filed 6 June, 1930.)

**Master and Servant D b—Evidence that shooting of plaintiff was done by
employee while acting within scope of his employment held sufficient.**

> Upon evidence tending to show that the defendant's employee killed the
> deceased while the employee was acting within the scope of his employ-
> ment in preventing persons objectionable to the employer from coming
> upon or remaining upon the employer's premises, and that the killing was
> unlawful and felonious, is held sufficient to be submitted to the jury upon
> the issue of the employer's liability for the wrongful death, and a judg-
> ment dismissing the action at the close of the plaintiff's evidence is
> erroneous.

APPEAL by plaintiff from *Moore, J.,* at January Term, 1930, of
GRAHAM. Reversed.

This is an action to recover damages for the wrongful death of plain-
tiff's intestate.

From judgment dismissing the action at the close of the evidence for
the plaintiff, plaintiff appealed to the Supreme Court.

*Morphew & Morphew and R. L. Phillips for plaintiff.*
*T. M. Jenkins for defendants.*

CONNOR, J.  On 8 November, 1927, Robert Blair, an employee of the
defendant lumber company, shot and killed Tom Colvin, plaintiff's in-
testate, while the said Tom Colvin was on the premises of the said
lumber company.  There was evidence tending to show that the homi-
cide was unlawful, wrongful and felonious, as alleged in the complaint.

Defendants contend that there was no evidence tending to show that
the homicide was committed by the said Robert Blair while acting
within the scope of his authority as an employee of the defendant com-
pany, or under the orders of the defendant, Jim Moore, his foreman,
and that therefore there was no error in the judgment.  We are of the
opinion, however, that there was evidence sufficient to sustain the allega-
tions of the complaint to the effect that Robert Blair, when he shot and
killed plaintiff's intestate was acting within the scope of his authority
as an employee of defendant lumber company, and under the orders of
his foreman, the defendant, Jim Moore.  The judgment is, therefore,
reversed.

It is admitted in the answers filed by the defendants, that at the
time he shot and killed plaintiff's intestate, Robert Blair was engaged in
the performance of his duties as an employee of the defendant lumber

company. There was evidence tending to show that among these duties was that of preventing persons who were objectionable to said defendant from coming upon or remaining on defendant's premises; that the said Robert 'Blair had ordered Tom Colvin, who had come to defendant's camp to get medicine from the physician employed by defendant, to leave the premises, and that he shot and killed him because he did not leave promptly. There was evidence elicited from plaintiff's witnesses on cross-examination, tending to show that Tom Colvin was armed with a shot gun, and was accompanied by his brother, when he went upon defendant's premises; there was no evidence, however, tending to show that he had assaulted Robert Blair, or had been disorderly prior to the shooting.

"Where it is doubtful whether a servant in injuring a third person was acting within the scope of his authority, it has been said that the doubt will be resolved against the master because he set the servant in motion, at least to the extent of requiring the question to be submitted to the jury for determination." 39 C. J., 1284. See *Gallop v. Clark*, 188 N. C., 186, 124 S. E., 145.

There was error in the judgment dismissing the action. For this error the judgment is

Reversed.