This is an action brought by plaintiff against the defendants as joint tort-feasors for malicious prosecution and abuse of process.
The defendants Gordon Franklin, E. E. Hodges, and O. L. Slayton were partners on 23 November, 1936, doing business under the name of Franklin Grocery Company. Charlie Somers was a clerk in the store.
"That on 23 November, 1936, plaintiff was indebted to the Franklin Grocery Company in the sum of $6.76, which he had been unable to pay because of expenses which he had to meet incident to the illness and death of his baby.
"That on 23 November, 1936, Charlie Somers went before J. H. Stultz, justice of the peace and clerk of the recorder's court of Leaksville Township, and swore out a warrant against Hurd Smith charging that he did `unlawfully, willfully and feloniously obtain goods from the *Page 210 
Franklin Grocery Company by false pretense by stating to them that he had a job and would pay for same when he received pay on the week-end.' That under said warrant plaintiff was arrested on 24 November, 1936, by Monroe Stultz, deputy sheriff, and was held in custody until he secured bond in the amount of $300.00.
"That on 27 November, 1936, when the case of `State v. Hurd Smith,' charging false pretense, came on for trial in the recorder's court of Leaksville Township the solicitor of said court, Mr. Harvey Fitts, announced to the court that the State could not make out a case against Hurd Smith and that the State would take a nol. pros. Whereupon the court instructed the clerk to enter a nol. pros. and the case was dismissed.
"That in swearing out said warrant against Hurd Smith, Charlie Somers was acting as the agent and under the direction of defendants Gordon Franklin, E. E. Hodges, and O. L. Slayton.
"That the defendants caused said warrant to be issued and plaintiff to be arrested under said criminal process for the purpose of coercing him into paying a civil debt which he was due the Franklin Grocery Company and not because plaintiff had violated any criminal law. That the purpose of defendants was not to bring an offender to justice, because plaintiff had violated no criminal law and was not guilty of any false pretense in securing the credit for $6.76, but the sole purpose of defendants in securing the warrant for Hurd Smith was to force plaintiff to pay a civil debt to the Franklin Grocery Company, and that said warrant was sworn out without any probable cause whatever.
"That the action of defendants was a malicious prosecution and a malicious abuse of the criminal process of the State of North Carolina. That said abuse of process and malicious prosecution greatly humiliated the plaintiff, caused him great embarrassment and much mental anguish. That plaintiff had never been arrested before and said arrest greatly injured and damaged his character and standing in the community. That by said abuse of process plaintiff has been actually damaged $3,000.
"That defendants were angry with plaintiff because he had been unable to pay the sum of $6.76, and that their action in having a warrant issued for him was wanton, willful, and malicious and in utter disregard of the constitutional rights of this plaintiff as a citizen of North Carolina. That for said willful, malicious, and intentional violation of the rights of plaintiff he is entitled to recover punitive damages in the sum of $2,000.
"Wherefore, plaintiff prays judgment against the defendants, jointly and severally, for $3,000 compensatory damages, for $2,000 punitive damages, for the cost of this action, and for such other and further relief as to the court may seem just and proper." *Page 211 
The defendants denied the material allegations of the complaint.
At the close of plaintiff's evidence, the defendants in the court below made a motion for judgment as in case of nonsuit. The court below granted the motion as to all the defendants except Somers. The plaintiff excepted. Upon the ruling of the court the plaintiff took a voluntary nonsuit as to Somers and made exceptions and assignments of error and appealed to the Supreme Court.
The law as to what is malicious prosecution and abuse of process is fully set forth in Ledford v. Smith, 212 N.C. 447.
The sole question on this appeal is: Was the evidence in the court below sufficient to be submitted to the jury as to all the defendants? We think so. It is taken in the light most favorable to plaintiff. We think that by analogy this case is somewhat similar to Colvin v. Lumber Co., 198 N.C. 776. We will not set forth the evidence in detail as the case goes back to be tried in the court below. The probative force of the evidence, including the circumstantial evidence, was not strong, but sufficient as to authorization and ratification to be submitted to the jury as to all of the defendants.
For the reason given, the judgment of the court below is
Reversed.