LUCILLE CLEMMONS v. LIFE INSURANCE COMPANY OF GEORGIA
No. 191

(Filed 30 October 1968)

**1. Pleadings § 19— demurrer**

Upon a demurrer to a complaint on the ground that it does not state
a cause of action, the allegations of fact, together with all relevant in-
ferences of fact reasonably deducible therefrom, are taken to be true; the
question is whether, such being the facts, the plaintiff is entitled to re-
cover from the defendant.

**2. Pleadings § 19— demurrer**

The allegations of the complaint are to be liberally construed so as to
give plaintiff the benefit of every reasonable intendment in his favor, but
that does not mean that the court is to read into the complaint allega-
tions which it does not contain. G.S. 1-151.

**3. Pleadings § 19— demurrer**

The demurrer does not admit inferences or conclusions of law drawn
from the facts alleged in the complaint.

**4. Pleadings § 19— demurrer — conclusion of the pleader**

The allegation of a conclusion of the pleader adds nothing to the allega-
tions of fact upon which it is based and is to be disregarded in determin-
ing whether the facts alleged in the complaint and admitted by the de-
murrer entitle plaintiff to recover from defendant.

**5. Master and Servant § 34— employer's liability for injuries to third
person — pleadings**

The extent of the course or scope of the employment of an agent or ser-
vant is not a fact in itself but is the legal result of certain facts; con-
sequently, a plaintiff's allegation that an employee was acting within the
course and scope of his employment as agent of defendant is a conclu-
sion and adds nothing to the facts alleged in the complaint.

**6. Master and Servant § 34— employer's liability for assault by em-
ployee**

In order to hold the employer liable for an assault committed by his
employee, it is not enough to allege and prove that the assault was com-
mitted while the employee was at his post of duty during the hours of
work.

**7. Master and Servant § 34— employer's liability for assault by em-
ployee**

It is not sufficient to hold an employer liable that the quarrel culmi-
nating in assault upon a third person by an employee was the result of
the employee's resentment of some act of the third person, which act oc-
curred while the employee was performing his duties.

**8. Master and Servant § 34— liability of employer for employee's
wrongful act**

Mere fact that the purpose of the employee was to benefit the em-

ployer does not make the latter liable for the wrongful act of the employee.

**9. Master and Servant § 34— assault while collecting accounts**

Nothing else appearing, an agent employed to collect accounts turns aside from the course or scope of his employment when he assaults his employer's debtor as the result of a quarrel between the two, even though the quarrel originated in the effort of the agent to collect that which was due his employer; but where the assault, however misguided and unauthorized, was committed as an incident of the employee's duties in the collection of accounts, the employer is generally liable.

**10. Master and Servant § 34— employer's liability for assault**

It is not necessary in order to hold an employer liable for assault to allege and prove that the employer authorized the assault.

**11. Master and Servant § 34— employer's liability for assault — sufficiency of pleadings**

In action against insurance company to recover damages resulting from alleged assault by its agent, allegations that the agent was employed by the company to collect premiums due on policies issued by it, that he went to plaintiff's home for that purpose and for that purpose drew a pistol, pointed it at plaintiff and threatened to shoot her, *are held* sufficient to state a cause of action for assault.

**12. Damages § 11— punitive damages**

Punitive damages may not be awarded unless otherwise a cause of action exists and at least nominal damages are recoverable by plaintiff.

**13. Corporations § 27— liability for torts — punitive damages**

Punitive damages may be awarded against a corporate employer in a case where the plaintiff alleges and proves she was assaulted by an agent of the corporation acting in the course of his employment wilfully, wantonly and maliciously.

**14. Damages § 12— punitive damages — pleadings**

Although it is not required that punitive damages be specifically pleaded by that name in the complaint or that there be a specific form of allegation, the complaint must allege facts showing the aggravating circumstances which would justify the award.

**15. Assault and Battery § 3— allegations of punitive damages**

In action against insurance company to recover damages resulting from alleged assault by its collecting agent, the allegations of the complaint *are held* sufficient to support an award of punitive damages.

APPEAL by defendant from the Court of Appeals.

The plaintiff brought suit to recover compensatory and punitive damages for an assault upon her by an agent of the defendant. The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action in that it ap-

pears upon the face of the complaint that the alleged wrongful act was outside the scope of the employment of the agent. The Superior Court of New Hanover County sustained the demurrer. On appeal, the Court of Appeals reversed, Campbell, J., dissenting, 1 N.C. App. 215.

The material allegations of the complaint, summarized except as indicated, are as follows:

The defendant carries on a life insurance business in North Carolina. For many years the plaintiff, a resident of New Hanover County, had been a policyholder of the defendant and had paid premiums on such policies at her home to agents of the defendant.

On 21 November 1966, Morris Weeks, employed by defendant as its agent for the collection of premiums, went to the plaintiff's home for the purpose of collecting a premium which she owed the defendant, having so collected premiums from her for the defendant on many other occasions. At all times mentioned in the complaint, Weeks was acting "within the course and scope of his employment as such agent" of the defendant.

On the occasion in question, the plaintiff informed Weeks she did not have the money with which to pay the premium. Weeks became angered and, in a loud and rude voice, said to the plaintiff: "I am tired of you putting me off every time I come by. If you don't have it next time I am going to lapse the insurance." Thereupon the plaintiff asked Weeks to leave. He refused and replied, "You don't talk to me like that, woman." Weeks then drew a pistol, pointed it at the plaintiff and said, "I will shoot you." Weeks then walked out into the yard from which he continued to berate the plaintiff for not having the money to pay the premium, telling her she had better have it the next time he came. This continued until one Elsie Logan, who was present, said she would call the police. Weeks, after replying that he did not care whom she called, went to his car, stood there a few moments and then drove away.

"[T]he use of the pistol * * * the threatening gestures, the angry words and the hostile demeanor of * * * Weeks all constituted a means or method of doing that which he was employed to do by the defendant, that is * * * collecting insurance premiums which this plaintiff owed to the defendant * * * That one of the duties of the said Morris Weeks was the collection of premiums from this plaintiff and others and

all of his actions and words * * * were done and said in performance of that duty."

The defendant knew, or in the exercise of reasonable care should have known, that Weeks had secured a permit to buy a pistol.

As a result of the actions of Weeks, the plaintiff became nervous and suffered damages, "proximately caused by the intentional, wrongful and unlawful conduct" of Weeks, for which she is entitled to recover $2,500, "together with such punitive damages of not less than $10,000, which a jury may find the defendant should pay as a deterrent to others similarly situated from acting in the same unlawful, wrongful and outrageous manner."

*Marshall & Williams for defendant appellant.*

*W. G. Smith and Jerry Spivey for plaintiff appellee.*

LAKE, J.

[1-4] Upon a demurrer to a complaint on the ground that it does not state a cause of action, the allegations of fact, together with all relevant inferences of fact reasonably deducible therefrom, are taken to be true. *Corprew v. Chemical Corp.,* 271 N.C. 485, 157 S.E. 2d 98. The question is whether, such being the facts, the plaintiff is entitled to recover from the defendant. The allegations of the complaint are to be liberally construed so as to give the plaintiff the benefit of every reasonable intendment in his favor. G.S. 1-151; *Corprew v. Chemical Corp., supra;* Strong, N. C. Index, 2d Ed, Pleadings, § 19, and cases cited therein. Liberal construction, however, does not mean that the court is to read into the complaint allegations which it does not contain. *Brevard v. Insurance Co.,* 262 N.C. 458, 137 S.E. 2d 837; *Builders Corp. v. Casualty Co.,* 236 N.C. 513, 73 S.E. 2d 155. Furthermore, the demurrer does not admit inferences or conclusions of law drawn from the facts alleged in the complaint. *Corprew v. Chemical Corp., supra; Lindley v. Yeatman,* 242 N.C. 145, 87 S.E. 2d 5; Strong, N. C. Index, 2d Ed., Pleadings, § 19. The allegation of such a conclusion adds nothing to the allegations of facts upon which it is based, and, therefore, is to be disregarded in determining whether the facts alleged, and admitted by the demurrer, entitle the plaintiff to recover from the defendant. *Green v. Kitchin,* 229 N.C. 450, 50 S.E. 2d 545; 41 Am. Jur., Pleading, § 18. See also, Stacy, C.J., concurring, in *Brown v. Mewborn,* 218 N.C. 423, 11 S.E. 2d 372.

Obviously, the complaint in this action alleges an assault by Weeks upon the plaintiff. The question is whether it alleges facts giving rise to a cause of action in favor of the plaintiff against the defendant, Weeks' employer, by reason of this assault.

In *Terrace, Inc. v. Indemnity Co.*, 243 N.C. 595, 91 S.E. 2d 584, an allegation in a complaint that the person executing a contract "was acting in behalf of and as agent of the plaintiff" was held to be "a mere conclusion unsupported by any allegation of fact." In *Weiner v. Style Shop*, 210 N.C. 705, 188 S.E. 331, an allegation that the libelous publication "grew out of the same transaction sued upon by the plaintiffs" was held to be a conclusion of the pleader, the truth of which was not admitted by a demurrer. In *Brevard v. Insurance Co., supra,* it was held that a general allegation in a complaint to the effect that an insurance policy "covered the named assured * * * for the liability arising out of the aforesaid judgment" was a conclusion of law, which was not admitted by the demurrer. In *Shives v. Sample*, 238 N.C. 724, 79 S.E. 2d 193, a complaint was held subject to demurrer for the reason that it alleged negligence without alleging the facts establishing such negligence, Johnson, J., speaking for the Court, saying:

"[N]egligence is not a fact in itself, but is the legal result of certain facts. Therefore, the facts which constitute the negligence charged and also the facts which establish such negligence as the proximate cause * * * of the injury must be alleged."

[5]     Like negligence, the extent of the course or scope of the employment of an agent or servant is not a fact in itself, but is the legal result of certain facts. Therefore, the plaintiff's allegation, in the present case, that at all times mentioned in the complaint, Weeks was acting "within the course and scope of his employment" as agent of the defendant, is an allegation of a conclusion of the pleader and adds nothing to the facts alleged in the complaint. See: 71 C.J.S., Pleading, § 27b; 41 Am. Jur., Pleading, § 19.

The allegation in the complaint that "one of the duties of * * * Weeks was the collection of premiums from this plaintiff and * * * all of his actions and words * * * were done and said in performance of that duty" is, however, somewhat different in nature. Interpreting this allegation liberally, we think it should be construed as an allegation that Weeks did the things alleged in the complaint for the purpose of collecting the premium due on the policy held by the plaintiff. This is an allegation of fact. As such, it must be considered with the allegations setting forth the actions of Weeks in

determining whether the complaint states a cause of action against his employer.

The complaint, so construed, alleges that Weeks, employed by the defendant to collect premiums due from its policyholders, went to the plaintiff's home for that purpose and for that purpose drew a pistol, pointed it at the plaintiff and said he would shoot her. For the purpose of testing the sufficiency of the complaint, the demurrer admits all of these allegations.

As Stacy, C.J., speaking for the Court in *Dickerson v. Refining Co.*, 201 N.C. 90, 159 S.E. 446, said, "It is elementary that the principal is liable for the acts of his agent, whether malicious or negligent, and the master for similar acts of his servant, which result in injury to third persons, when the agent or servant is acting within the line of his duty and exercising the functions of his employment." In *Roberts v. R. R.*, 143 N.C. 176, 55 S.E. 509, this Court held the employer was not liable for an assault by one of its employees upon another in the course of a quarrel between the two. Hoke, J., later C.J., speaking for the Court, said, "The test is not whether the act was done while [the employee committing the assault] was on duty or engaged in his duties, but was it done within the scope of his employment and in the prosecution and furtherance of the business which was given him to do?" In *Colvin v. Lumber Co.*, 198 N.C. 776, 153 S.E. 394, this Court held an employer liable for the intentional shooting and killing of a third person by its employee, quoting 39 C.J. 1284 as follows: "Where it is doubtful whether a servant in injuring a third person was acting within the scope of his authority, it has been said that the doubt will be resolved against the master because he set the servant in motion, at least to the extent of requiring the question to be submitted to the jury for determination."

In *Wegner v. Delicatessen*, 270 N.C. 62, 153 S.E. 2d 804, we affirmed a judgment of nonsuit in an action for an assault by a busboy, employed in a restaurant, upon a customer of the establishment, the plaintiff's evidence failing to show that the assault was for the purpose of doing anything related to the duties of the busboy. We there said: "If the act of the employee was a means or method of doing that which he was employed to do, though the act be wrongful and unauthorized or even forbidden, the employer is liable for the resulting injury, but he is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do." Likewise, in *Robinson v. McAlhaney*, 214 N.C. 180, 198 S.E. 647, Barnhill, J., later C.J., speaking for the Court, said: "If an as-

sault is committed by the servant, not as a means or for the purpose of performing the work he was employed to do, but in a spirit of vindictiveness or to gratify his personal animosity or to carry out an independent purpose of his own, then the master is not liable."

[6-8]    In order to hold the employer liable for an assault committed by his employee, it is not enough to allege and prove that the assault was committed while the employee was at his post of duty during the hours of work. *Robinson v. McAlhaney, supra; Snow v. DeButts,* 212 N.C. 120, 193 S.E. 224. It is not sufficient that the quarrel, culminating in the assault, was the result of the employee's resentment of some act of the third person, which act occurred while the employee was performing his duties. *State ex rel Gosselin v. Trimble,* 328 Mo. 760, 41 S.W. 2d 801; *Plotkin v. Northland Transportation Co.,* 204 Minn. 422, 283 N.W. 758; *Brown v. Boston Ice Co.,* 178 Mass. 108, 59 N.E. 644. The mere fact that the purpose of the employee was to benefit the employer does not make the latter liable for the wrongful act of the employee. *Dickerson v. Refining Co., supra.* "When, however, the employee is undertaking to do that which he was employed to do and, in so doing, adopts a method which constitutes a tort and inflicts injury on another it is the fact that he was about his master's business which imposes liability." *West v. Woolworth Co.,* 215 N.C. 211, 1 S.E. 2d 546.

[9]    While the decisions from other jurisdictions are not in complete agreement, either as to theory or as to result, the great weight of authority is that, nothing else appearing, an agent, employed to collect accounts, turns aside from the course or scope of his employment when he assaults his employer's debtor as the result of a quarrel between the two, even though the quarrel originated in the effort of the agent to collect that which was due his employer. *Reece v. Ebersbach,* 152 Fla. 763, 9 So. 2d 805; *Moskins Stores, Inc. v. DeHart,* 217 Ind. 622, 29 N.E. 2d 948; *Hill v. McQueen,* 204 Okla. 394, 230 P. 2d 483, 22 A.L.R. 2d 1220; Annot., Liability for Assault by Employee in Collecting Debt, 22 A.L.R. 2d 1227, 1231; 35 Am. Jur., Master and Servant, § 575; Mechem on Agency, 2d Ed., § 1978; Restatement of the Law, Agency, 2d, § 245, App. Where, however, the assault, however misguided and unauthorized, was committed as an incident of the employee's duties in the collection of accounts, the better view appears to be that the employer is liable. *New Morgan County Bldg. & Loan Ass'n v. Plemmons,* 210 Ala. 286, 98 So. 12; *Antinozzi v. A. Vincent Pepe Co.,* 117 Conn. 11, 166 Atl. 392; *Moffit v. White Sewing Machine Co.,* 214 Mich. 496, 183 N.W. 198; Annot., 22 A.L.R. 2d, 1227, 1232, 1235.

**[10]**    It is, of course, not necessary, in order to hold the employer liable for an assault, to allege and prove that the employer authorized the assault. In *Long v. Eagle Store Co.*, 214 N.C. 146, 198 S.E. 573, this Court held an 'employer liable for a false arrest of a customer on the charge of shoplifting, quoting *Dickerson v. Refining Co., supra*, as follows: "When the servant is engaged in the work of the master, doing that which he is employed and directed to do, and an actionable wrong is done to another, either negligently or maliciously, the master is liable, not only for what the servant does, but also for the ways and means employed by him in performing the act in question."

**[11]**    In the present case, it is alleged in the complaint, and admitted by the demurrer, that Weeks, employed by the defendant to collect premiums due upon policies issued by it, went to the plaintiff's home for that purpose and for that purpose drew a pistol, pointed it at the plaintiff and threatened to shoot her. Upon these facts, the employer would be liable in damages for the injuries caused by the assault. If, on the trial on the merits, the plaintiff fails to prove that this was the purpose of the assault, she will not be entitled to recover, but she has alleged such purpose and, for the present, that is sufficient.

The plaintiff's case is not strengthened by her allegation that the defendant knew, or in the exercise of reasonable care should have known, that Weeks had applied for and obtained a permit to purchase a pistol. Assuming the defendant had actual knowledge of this circumstance, it would by no means be put on notice that Weeks intended to carry the pistol upon his collection calls or to use it in the collection of premiums due. The complaint does not state a cause of action against the defendant on the theory that the defendant was in any respect negligent in the employment of Weeks, or in sending him to the home of the plaintiff for the purpose of collecting the premium due it. Her case stands or falls upon her ability to prove, at the trial on the merits, her allegation that Weeks used the pistol for the purpose of collecting the premium. This she has alleged. Thus her complaint is sufficient to withstand the demurrer.

While the demurrer should have been overruled, irrespective of the sufficiency of the allegations of the complaint to support an award of punitive damages, since that question will arise upon the trial of the case on the merits, we deem it advisable to consider the sufficiency of the complaint for that purpose.

**[12, 13]**    "Punitive damages may not be awarded unless otherwise a cause of action exists and at least nominal damages are re-

coverable by the plaintiff." *Worthy v. Knight,* 210 N.C. 498, 187 S.E. 771. Therefore, if, upon the trial on the merits, the plaintiff fails to prove that the assault upon her by Weeks was committed in the course of his employment by the defendant, she may not recover any damages, compensatory or punitive, from the defendant on account of that assault. Punitive damages may, however, be awarded against a corporate employer in a case where the plaintiff alleges and proves she was assaulted by an agent of the corporation acting in the course of his employment wilfully, wantonly and maliciously. "Punitive damages may be awarded * * * from [sic] a corporation for a tort wantonly committed by its agents in the course of their employment." *Binder v. Acceptance Corp.,* 222 N.C. 512, 23 S.E. 2d 894. See also: *Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333; *Tripp v. Tobacco Co.,* 193 N.C. 614, 137 S.E. 871.

In *Lutz Industries, Inc. v. Dixie Home Stores, supra,* this Court held that allegations in a complaint, designed to support an award of punitive damages, were insufficient for that purpose. The allegation in question was: "That by reason of the unlawful, wanton, wilful and gross negligent conduct of the defendant corporation and its agents and their failure to observe the rules and requirements of the National Electrical Code, and failure to observe the ordinance of the City of Lenoir, that this plaintiff is entitled to recover punitive damages of the defendant corporation in the amount of $50,000." Speaking through Parker, J., now C.J., this Court said that this paragraph of the complaint "merely states conclusions, not facts, and * * * should be stricken."

[14, 15] Since it is not sufficient, in order to allege a basis for an award of punitive damages, to allege merely that conduct of the defendant's employee was "wanton, wilful and gross," it follows that the insertion in the complaint of such adjectives is not essential to raise an issue of an award for punitive damages. The question is whether the facts alleged in the complaint are sufficient to show the requisite malice, oppression or wilful wrong. As Parker, J., now C.J., said in *Lutz Industries, Inc. v. Dixie Home Stores, supra:* "While it seems that punitive damages need not be specifically pleaded by that name in the complaint, it is necessary that the facts justifying a recovery of such damages be pleaded. 25 C.J.S., p. 758. Though no specific form of allegation is required, the complaint must allege facts showing the aggravating circumstances which would justify the award, for instance, actual malice, or oppression or gross and wilful wrong, or a wanton and reckless disregard of plaintiff's rights." The allegations in the complaint before us meet this test. What the

plaintiff can prove at the trial on the merits is a different question, which is not before us.

The judgment of the Court of Appeals is, therefore,

Affirmed.