GILBERT SHUGAR v. H. L. GUILL

No. 44

(Filed 3 November 1981)

1. Damages § 12.1— assault and battery—pleading punitive damages

In a civil action in which plaintiff alleged assault and battery, his complaint was sufficient to state a cause of action for punitive damages under G.S. 1A-1 as defendant could take notice and be apprised of "the events and transactions which produce the claim to enable [him] to understand the nature of it and the basis for it" even though all the aggravating circumstances were not specifically pleaded.

Shugar v. Guill

**2. Damages § 17.7— punitive damages—evidence insufficient to go to jury**

The evidence presented on the issue of punitive damages in plaintiff's action for assault and battery was not sufficient to permit the jury reasonably to infer that defendant's actions were activated by personal ill will toward plaintiff or that his acts were aggravated by oppression, insult, rudeness, or a wanton reckless disregard of plaintiff's rights. To the contrary, the evidence showed that two adults acting as adolescents engaged in an affray which was precipitated by plaintiff's "baiting" of defendant and plaintiff's invitation that he be ejected from defendant's premises.

Justice CARLTON did not participate in the decision of this case.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from a decision of a divided panel of the Court of Appeals which vacated that portion of the judgment entered by *Bruce, J.*, at the 8 February 1981 Session of EDGECOMBE Superior Court awarding plaintiff punitive damages.

The portion of the Court of Appeals' decision reversing and remanding the issue of compensatory damages for a new trial is not before this Court since there was no appeal from this phase of the case.

Plaintiff instituted this civil action on 5 January 1979 seeking damages for injuries allegedly caused by an assault and battery committed by defendant. At trial defendant duly moved to dismiss plaintiff's claim for punitive damages on the ground that plaintiff had failed properly to plead or prove such claim. The trial judge denied these motions and submitted to the jury the issues of liability, punitive damages, and compensatory damages.

Plaintiff's evidence tended to show that on 19 October 1978 around 9:25 a.m. he entered the defendant's restaurant in Tarboro known as "Cotton's Grill" for the purpose of joining several regular customers for coffee. After serving himself a cup of coffee, he joined the group. Plaintiff moved toward the table where the men sat without paying for his cup of coffee. Defendant was seated at the table, and as plaintiff took a seat at the table, he said to defendant, "This cup of coffee is on the house." Plaintiff then told defendant to "charge it against the formica that you owe me for."

Plaintiff's remarks were in reference to a dispute between himself and defendant regarding a piece of formica that a contractor had removed from a job at plaintiff's place of business with

his permission to use it in the completion of a job at defendant's restaurant in March, 1978. Plaintiff had billed defendant twice for the formica, but the $6.25 bill remained unpaid at the time of the October 1978 incident. Defendant had refused to pay for the formica and had in turn sent plaintiff a bill for what defendant claimed was lost time for a painter who had been conversing with plaintiff while he was working on a job for defendant. Plaintiff had not honored defendant's request to reimburse him for the painter's lost time although defendant had offered to pay plaintiff for the formica after plaintiff had paid defendant for the claimed lost time.

Following plaintiff's comment regarding the charging of the coffee against the formica cost, defendant commented on plaintiff's cheapness and demanded that plaintiff leave the restaurant immediately. Plaintiff responded by saying, "Make me." Defendant then picked plaintiff up in a "bear hug" and started toward the door. Plaintiff managed to free himself and blows were exchanged. Plaintiff was struck about the eyes twice, and defendant's glasses were broken when he was hit in the face during the scuffle. A bystander attempted to intervene, and plaintiff, apparently thinking the melee over, dropped his hands to his side at which point defendant struck plaintiff squarely in the face breaking his nose and causing it to bleed profusely.

Plaintiff lost consciousness momentarily after being struck in the nose. Thereafter, he continued to struggle while he was moved to a chair and a wet compress was applied to his nose. Plaintiff ceased struggling when he heard defendant say, "Gilbert, I am trying to help you." The entire incident lasted less than sixty seconds. Later that day, plaintiff visited a Tarboro physician who referred him to a specialist in Greenville.

Plaintiff's nose was particularly sensitive owing to a deviated septum, a condition from which he had suffered as a child and for which he had undergone four operations.

Plaintiff's nose was treated by straightening, packing, and bandaging. The medical treatment involved was quite painful, and plaintiff experienced a partial loss of breathing capacity as a result of the blow to the nose. Plaintiff's medical expenses totalled $234.

The jury answered the issue of liability in plaintiff's favor and awarded him $2,000 in compensatory damages and $2,500 in punitive damages.

*Fields, Cooper and Henderson, by Milton P. Fields, for plaintiff-appellant.*

*Bridgers, Horton and Simmons, by Edward B. Simmons for defendant-appellee.*

BRANCH, Chief Justice.

[1]   We first consider whether plaintiff's complaint stated a cause of action for punitive damages.

The rationale permitting recovery of punitive damages is that such damages may be awarded in addition to compensatory damages to punish a defendant for his wrongful acts and to deter others from committing similar acts. A civil action may not be maintained solely for the purpose of collecting punitive damages but may only be awarded when a cause of action otherwise exists in which at least nominal damages are recoverable by the plaintiff. *Worthy v. Knight*, 210 N.C. 498, 187 S.E. 771 (1936).

It is well established in this jurisdiction that punitive damages may be recovered for an assault and battery but are allowable *only* when the assault and battery is accompanied by an element of aggravation such as malice, or oppression, or gross and wilful wrong, or a wanton and reckless disregard of plaintiff's rights. *Oestreicher v. American Nat. Stores, Inc.*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *Van Leuven v. Motor Lines*, 261 N.C. 539, 135 S.E. 2d 640 (1964); *Allred v. Graves*, 261 N.C. 31, 134 S.E. 2d 186 (1964); *Trogden v. Terry*, 172 N.C. 540, 90 S.E. 583 (1916). *See also* 123 A.L.R. 1115 and 16 A.L.R. 771; 6A C.J.S. Assault & Battery § 33 (1975).

The complaint reads as follows:

> The plaintiff, complaining of the defendant, alleges and says as follows:
>
> 1. Plaintiff and defendant are both citizens and residents of Edgecombe County, North Carolina.
>
> 2. That on or about the 19th day of October, 1978, the defendant, without just cause, did intentionally,

**Shugar v. Guill**

willfully and maliciously assault and batter the plaintiff, inflicting upon him serious and permanent personal injuries thereby causing him to suffer both in body and in mind and that he did aggravate a preexisting injury which has caused the plaintiff additional mental anguish, and suffering.

3. Plaintiff has incurred medical bills in an amount not yet determined and he is informed and believes and so alleges that additional expenses will be forthcoming in the future.

WHEREFORE, the plaintiff prays the Court that he have and recover of the defendant the amount of $25,000 as actual damages and the amount of $50,000 as punitive damages, together with the costs of this action.

Prior to the adoption of the Rules of Civil Procedure on 1 January 1970, our decisions required that a plaintiff plead *facts* showing aggravating circumstances which would justify an award of punitive damages if supported by the evidence. *Clemmons v. Insurance Co.*, 274 N.C. 416, 163 S.E. 2d 761 (1968); *Allred v. Graves, supra.*

In *Clemmons v. Insurance Co., supra,* this Court held that it was not sufficient to state a cause of action for punitive damages to allege that the defendant's conduct was "willful, wanton and gross" and further set forth the then prevailing pleading rule that:

While it seems that punitive damages need not be specifically pleaded by that name in the complaint, it is necessary that the facts justifying a recovery of such damages be pleaded.

*Id.*, 274 N.C. at 424, 163 S.E. 2d at 767.

Indeed, *Cook v. Lanier*, 267 N.C. 166, 172, 147 S.E. 2d 910, 915-16 (1966), stated that plaintiff's complaint *must* allege facts or elements showing the aggravating circumstances which would justify the award of punitive damages.

Unquestionably, under our decisions prior to the adoption of the 1970 Rules of Civil Procedure, plaintiff's pleadings in this case could not have withstood defendant's motions to dismiss.

"By enactment of G.S. 1A-1, the legislature adopted the 'notice theory of pleading.'" *Roberts v. Memorial Park,* 281 N.C. 48, 56, 187 S.E. 2d 721, 725 (1972).

In our first case which considered the "notice pleading" theory of the new Rules of Civil Procedure, Justice Sharp (later Chief Justice) wrote:

> A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.

*Sutton v. Duke,* 277 N.C. 94, 104, 176 S.E. 2d 161, 167 (1970). *Accord: Presnell v. Pell,* 298 N.C. 715, 260 S.E. 2d 611 (1979); *Brewer v. Harris,* 279 N.C. 288, 182 S.E. 2d 345 (1971).

In instant case, the Court of Appeals held that the complaint did not state a claim for punitive damages. In reaching this result, the Court of Appeals first reviewed cases decided prior to the adoption in 1970 of the Rules of Civil Procedure, *Clemmons v. Insurance Co., supra; Cook v. Lanier, supra; Lutz Ind. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333 (1955), and relying on the cases of *Newton v. Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976), and *Stanback v. Stanback,* 297 N.C. 181, 254 S.E. 2d 611 (1979), concluded that this Court intended to follow the general rules laid down in cases involving punitive damages which predated the 1970 Rules of Civil Procedure. We do not agree. *Newton* and *Stanback* are distinguishable from the case before us in that both of those cases dealt with the pleading of sufficient facts to warrant punitive damages when related to tortious conduct involved in a *breach of contract.*

*Newton* involved the tort of fraud as it related to a breach of contract action involving failure to pay insurance policy proceeds, while *Stanback* rested upon the intentional infliction of emotional distress as related to breach of a separation agreement contract.

Since punitive damages may not be awarded in North Carolina for breach of contract, it was imperative in both *Newton* and *Stanback* that the pleading set forth with specificity the allegations and facts of the tortious conduct which would justify

the awarding of punitive damages. In such cases, even "notice pleading" requires that the complaint be more precise and the facts and allegations be sufficiently pleaded so as to prevent confusion and surprise to the defendant and preclude the recovery of punitive damages for breach of contract where there is no tortious conduct.

Here under the "notice pleading" theory there was sufficient information in the complaint from which defendant could take notice and be apprised of "the events and transactions which produce the claim to enable [him] to understand the nature of it and the basis for it." *Sutton v. Duke*, 277 N.C. at 104, 176 S.E. 2d at 167. Defendant was not "ambushed" at trial nor was he presented with an issue for which he was not prepared. He knew what happened on 19 October 1978 and was therefore cognizant of all the aggravating circumstances which might have been presented at trial.

We therefore hold that plaintiff's complaint was sufficient to state a claim for punitive damages.

[2] We turn now to the question of whether there was sufficient evidence to carry the issue of punitive damages to the jury.

In our consideration of this question, we deem it necessary to restate and examine the rule that in cases involving assault and battery, punitive damages are recoverable only when the assault and battery is accompanied by an element of aggravation such as malice or the other aggravating circumstances.

Some jurisdictions permit the recovery of punitive damages on the theory of *implied* or *imputed* malice when a person intentionally does an act which naturally tends to be injurious. These jurisdictions thus infer the malice necessary to support recovery of punitive damages from *any* assault and battery. *Barker v. James*, 15 Ariz. App. 83, 486 P. 2d 195 (1971); *Robbs v. Missouri Pac. Ry. Co.*, 210 Mo. App. 429, 242 S.W. 155 (1922); *Custer v. Kroeger*, 209 Mo. App. 450, 240 S.W. 241 (1922); *Mecham v. Foley*, 120 Utah 416, 235 P. 2d 497 (1951). We do not adhere to this rule. To justify the awarding of punitive damages in North Carolina, there must be a showing of *actual* or *express* malice, that is, a showing of a sense of personal ill will toward the plaintiff which activated or incited a defendant to commit the alleged assault and

battery. *Baker v. Winslow,* 184 N.C. 1, 113 S.E. 570 (1922). *See also Clemmons v. Insurance Co.,* 274 N.C. at 424, 163 S.E. 2d at 767.

In jury trials the usual rules governing motions for a directed verdict apply when there is such a motion as to a claim for punitive damages on the grounds of insufficiency of evidence, and the trial judge must determine as a matter of law whether the evidence when considered in the light most favorable to the plaintiff is sufficient to carry the issue of punitive damages to the jury. *Arnold v. Sharpe,* 296 N.C. 533, 251 S.E. 2d 452 (1979); *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463 (1943). Application of this rule is difficult under the particular facts of the case *sub judice,* and we therefore find it helpful to review the *types* of cases in which punitive damages have been allowed. Punitive damages were recovered in cases where a clergyman while peacefully walking down a street was attacked by the defendant and severely injured, *Tucker v. Green,* 27 Kan. 355 (1882); where the plaintiff while eating in a hotel dining room was compelled to sign a retraction by a show of violence, accompanied with offensive and threatening language, *Trogden v. Terry, supra;* where defendant assaulted a weak and old person with a stick loaded with lead for the reason that defendant *thought* plaintiff was a trespasser, *Causee v. Anders,* 20 N.C. 388 (1839); where a twelve year old boy was assaulted in public in the presence of others without justification or excuse, *Hollins v. Gorham,* 23 Ky. L. Rep. 2185, 66 S.W. 823 (1902). We note that all of these cases contain a thread of unprovoked humiliating assaults, assaults on children, assaults on weaker persons, or assaults where a deadly weapon was callously used. Such is not the case before us.

The case of *Riepe v. Green,* 65 S.W. 2d 667 (Mo. App. 1933), is most instructive toward decision because of its strong factual similarity to the case before us. There plaintiff brought a civil action against defendant seeking compensatory and punitive damages. The evidence of the plaintiff disclosed that there had been some difficulty between plaintiff and defendant and that plaintiff "had no good feeling toward him (defendant) for over a year." *Id.,* 65 S.W. 2d at 668. On the day that the incident complained of occurred, defendant was talking to some men on the street when plaintiff called him and asked "have you found any more victims?" Plaintiff then drove his wagon across the sidewalk

so that defendant could not move. After some further conversation, plaintiff told defendant that he did not want any dealings with him because of his refusal to pay for some cow pasture. Plaintiff testified that he might have called defendant an "S.O.B." and a damned crook. Thereafter, a fight ensued which resulted in plaintiff's alleged injuries. The jury answered issues awarding plaintiff compensatory and punitive damages, and defendant appealed. In reversing and remanding, the Kansas City Court of Appeals reasoned:

> The general rule, as to punitive damages, is to the effect that the question is one for the jury and not for the court. This general rule is predicated upon the presumption that wantonness, recklessness, oppression, or express malice be shown by some fact or circumstance in evidence from which one of these elements may be inferred. (Citation omitted.)
>
>   *   *   *
>
> We fail to find any evidence in the record before us that justifies the submission of the issue of punitive damages. In so far as words and conduct could provoke such a state of mind as above, the plaintiff is shown to be the aggressor. One who drives a wagon across the pathway of another with the intent expressed by plaintiff furnishes a poor subject for smart money. While foul words and epithets do not justify assault, yet such words and epithets mitigate, and, in the absence of any showing that defendant was actuated by willfull, wanton, and malicious state of mind, it was error to submit the issue of punitive damages.

*Id.,* 65 S.W. 2d at 669.

Applying the above-stated principles of law to the facts presented by this appeal, we conclude that the evidence presented was not sufficient to permit the jury reasonably to infer that defendant's actions were activated by personal ill will toward plaintiff or that his acts were aggravated by oppression, insult, rudeness, or a wanton and reckless disregard of plaintiff's rights. To the contrary, the evidence shows that two adults acting as adolescents engaged in an affray which was precipitated by plaintiff's "baiting" of defendant and plaintiff's invitation that he be ejected from defendant's premises. Thus, the trial court erred

by denying defendant's motion to dismiss on the ground that there was not sufficient evidence to carry the issue of punitive damages to the jury. We affirm the Court of Appeals' action in vacating for the reasons set forth herein.

There will be a new trial on the issue of compensatory damages since there was no appeal from the Court of Appeals' decision on that phase of the case.

Modified and affirmed.

Justice CARLTON did not participate in the decision of this case.