Gatlin v. Bray

———————————

JUANITA J. GATLIN, PLAINTIFF v. SAMUEL LEE BRAY, MICHAEL HARRINGTON AND WAYNE GRIMES, D/B/A CAROLINA BONDING COMPANY, A PARTNERSHIP; SAMUEL LEE BRAY, INDIVIDUALLY; MICHAEL HARRINGTON, INDIVIDUALLY; WAYNE GRIMES, INDIVIDUALLY; JOHN DOE NUMBER ONE, INDIVIDUALLY; JOHN DOE NUMBER TWO, INDIVIDUALLY, DEFENDANTS

No. 863SC8

(Filed 1 July 1986)

**Master and Servant § 33; Rules of Civil Procedure § 12— bail bondsmen—allegations of false imprisonment and other torts—complaint sufficient**

The trial court erred by granting defendants' motion to dismiss for failure to state a claim upon which relief could be granted where plaintiff alleged that defendants Harrington and Grimes were liable individually and as a partnership for a false imprisonment and other torts committed by defendant Bray and two unidentified men acting in the course of their employment; the facts alleged were adequate to give defendants sufficient notice of the nature and basis of plaintiff's claim and no insurmountable bar to recovery was presented on the face of the complaint.

APPEAL by plaintiff from *Reid, Judge.* Order entered 24 September 1985 in Superior Court, PITT County. Heard in the Court of Appeals 8 May 1986.

Plaintiff brought suit to recover compensatory and punitive damages for an assault upon her by defendant Samuel Lee Bray and two unidentified white males. Plaintiff also sought damages for false imprisonment, trespass, invasion of privacy, and intentional infliction of emotional distress. She named as defendants Samuel Lee Bray, Michael Harrington, and Wayne Grimes, individually and doing business as Carolina Bonding Company, a partnership, and two unidentified white males, John Doe number one and John Doe number two, individually.

Pursuant to N.C. Gen. Stat. 1A-1, Rule 12(b)(6), defendants Bray, Harrington and Grimes moved to dismiss for failure to state a claim upon which relief can be granted. The court denied the motion of Bray, individually and doing business as Carolina Bonding Company, but allowed the motions of Harrington and Grimes, individually and doing business as Carolina Bonding Company. Plaintiff appeals.

*Steven E. Lacy for plaintiff appellant.*

*Gaylord, Singleton, McNally, Strickland & Snyder, by L. W. Gaylord, Jr. and Vernon G. Snyder III, for defendant appellee Michael Harrington.*

*Howard, Browning, Sams & Poole, by Myron T. Hill, Jr., for defendant appellee Wayne Grimes.*

WHICHARD, Judge.

Plaintiff alleges that in the late evening hours of 2 November 1983 Bray and two unidentified males, forcibly and without consent, entered her private residence. Pointing guns, they forced plaintiff out of her bed. They "yelled and cursed and threatened" plaintiff, demanding to know the whereabouts of a fugitive they referred to as "Chris Jones." They searched plaintiff's apartment, overturning furniture and rummaging through her personal effects.

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations of the complaint must be viewed as admitted, and the motion should not be allowed unless the complaint affirmatively shows that plaintiff has no cause of action. *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E. 2d 611, 615 (1979); *Grant v. Insurance Co.*, 295 N.C. 39, 42,

243 S.E. 2d 894, 897 (1978). Plaintiff's complaint clearly states several causes of action — *inter alia*, assault, trespass and intentional infliction of emotional distress — against Bray and the two unidentified males. The sole question is whether it states any cause of action against defendants Harrington and Grimes [hereinafter defendants] who are not alleged to have been present in plaintiff's residence at the time of the events which are the subject of the complaint.

Plaintiff alleges that at the time of these events Bray and defendants were general partners in Carolina Bonding Company and that the two unidentified males were employees of the company. She further alleges that when Bray and the two unidentified males entered her residence and assaulted her they were acting within the scope of their employment and in furtherance of "whatever duties they were expected to perform." It is well-settled that partners are jointly and severally liable for the intentional torts of their employees when the acts complained of are committed in the course of the employment. *See Wegner v. Delicatessen*, 270 N.C. 62, 66, 153 S.E. 2d 804, 807 (1967) ("[A]n employer is liable to a third person injured by the wrongful act . . . of his employee if, but only if, such act or omission occurred in the course of the employment . . . ."); *Hardy & Newsome, Inc. v. Whedbee*, 244 N.C. 682, 684, 94 S.E. 2d 837, 838-39 (1956) ("The liability of partners for the torts of the partnership is joint and several."). *See also Edwards v. Akion*, 52 N.C. App. 688, 693, 279 S.E. 2d 894, 897, *affirmed per curiam*, 304 N.C. 585, 234 S.E. 2d 518 (1981) ("The employer is liable if its employee, in performing his duties, adopts a method which constitutes a tort and inflicts an injury upon a third party."). Similarly, partners are jointly and severally liable for intentional torts committed by a partner in the course and scope of partnership business. *Johnson v. Gill*, 235 N.C. 40, 68 S.E. 2d 788 (1952); *Dwiggins v. Bus Co.*, 230 N.C. 234, 52 S.E. 2d 892 (1949); N.C. Gen. Stat. 59-43, -45.

Defendants maintain, however, that plaintiff's allegations that the actions of Bray and the two unidentified males were for the benefit of Carolina Bonding Company and in furtherance of "whatever duties they were expected to perform . . . as bondsmen and runners for Carolina Bonding Company" are not sufficient to withstand their motions to dismiss. They rely on

*Clemmons v. Insurance Co.*, 274 N.C. 416, 419-20, 163 S.E. 2d 761, 763-64 (1968), which states:

> Upon a demurrer to a complaint on the ground that it does not state a cause of action, the allegations of fact, together with all relevant inferences of fact reasonably deducible therefrom, are taken to be true. . . . The question is whether, such being the facts, the plaintiff is entitled to recover from the defendant. The allegations of the complaint are to be liberally construed so as to give the plaintiff the benefit of every reasonable intendment in his favor. . . . *Liberal construction, however, does not mean that the court is to read into the complaint allegations which it does not contain. . . . Furthermore, the demurrer does not admit inferences or conclusions of law drawn from the facts alleged in the complaint. . . . The allegation of such a conclusion adds nothing to the allegations of facts upon which it is based, and, therefore, is to be disregarded in determining whether the facts alleged, and admitted by the demurrer, entitle the plaintiff to recover from the defendant. . . .*

Obviously, the complaint in this action alleges an assault by Weeks upon the plaintiff. The question is whether it alleges facts giving rise to a cause of action in favor of the plaintiff against the defendant, Weeks' employer, by reason of this assault.

In *Terrance, Inc. v. Indemnity Co.* . . . an allegation in a complaint that the person executing a contract "was acting in behalf of and as agent of the plaintiff" was held to be "a mere conclusion unsupported by any allegation of fact." . . . In *Shives v. Sample* . . . a complaint was held subject to demurrer for the reason that it alleged negligence without alleging the facts establishing such negligence . . . .

> *Like negligence, the extent of the course or scope of the employment of an agent or servant is not a fact in itself, but is the legal result of certain facts. Therefore, the plaintiff's allegation . . . that at all times mentioned in the complaint, Weeks was acting "within the course and scope of his employment" as agent of the defendant, is an allegation of a conclusion of the pleader and adds nothing to the facts alleged in the complaint.* (Citations omitted.) (Emphasis supplied.)

Defendants' reliance on *Clemmons* is misplaced. In *Shugar v. Gill*, 51 N.C. App. 466, 470-72, 277 S.E. 2d 126, 130-31, *modified and affirmed*, 304 N.C. 332, 283 S.E. 2d 507 (1981), this Court applied pleading standards articulated in *Clemmons* and found the allegations of punitive damages in plaintiff's complaint insufficient to withstand defendant's motion to dismiss. The Supreme Court rejected this Court's reliance on *Clemmons* and found plaintiff's complaint sufficient to state a cause of action. It reasoned as follows:

> Unquestionably, under our decisions prior to the adoption of the 1970 Rules of Civil Procedure, plaintiff's pleadings in this case could not have withstood defendant's motions to dismiss.

> "By enactment of G.S. 1A-1, the legislature adopted the 'notice theory of pleading.'" *Roberts v. Memorial Park*, 281 N.C. 48, 56, 187 S.E. 2d 721, 725 (1972).

> In our first case which considered the "notice pleading" theory of the new Rules of Civil Procedure, Justice Sharp (later Chief Justice) wrote:

>> A pleading complies with the rule if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and — by using the rules provided for obtaining pretrial discovery — to get any additional information he may need to prepare for trial.

> *Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E. 2d 161, 167 (1970). *Accord: Presnell v. Pell*, 297 N.C. 715, 260 S.E. 2d 611 (1979); *Brewer v. Harris*, 279 N.C. 288, 182 S.E. 2d 345 (1971).

> In instant case, the Court of Appeals held that the complaint did not state a claim for punitive damages. . . . [T]he Court of Appeals . . . concluded that this Court intended to follow the general rules laid down in cases involving punitive damages which predated the 1970 Rules of Civil Procedure. We do not agree.

\*   \*   \*

Here under the "notice pleading" theory there was sufficient information in the complaint from which defendant could take notice and be apprised of "the events and transactions which produce the claim to enable [him] to understand the nature of it and the basis for it."

*Shugar*, 304 N.C. at 336-38, 283 S.E. 2d at 509-10.

Thus, the standards articulated in *Clemmons* regarding the pleading of a claim based on *respondeat superior* are no longer applicable. With the adoption of "notice pleading," mere vagueness or lack of detail is no longer ground for allowing a motion to dismiss. *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E. 2d 161, 165 (1970). "Pleadings comply with our present concept of notice pleading if the allegations in the complaint give defendant sufficient notice of the nature and basis of plaintiffs' claim to file an answer, and the face of the complaint shows no insurmountable bar to recovery." *Rose v. Guilford Co.*, 60 N.C. App. 170, 173, 298 S.E. 2d 200, 202 (1982).

We find plaintiff's complaint, judged by the notice pleading standard, sufficient to withstand defendants' motions to dismiss. The facts alleged are adequate to give defendants sufficient notice of the nature and basis of plaintiff's claim, and no insurmountable bar to recovery is presented on the face of the complaint. Thus, the order dismissing plaintiff's action for failure to state a claim upon which relief can be granted as to defendants, individually and doing business as Carolina Bonding Company, is

Reversed.

Judges WEBB and JOHNSON concur.