ESTRIDGE v. FORD MOTOR CO.

[101 N.C. App. 716 (1991)]

---

DANA G. ESTRIDGE, PLAINTIFF v. FORD MOTOR COMPANY, DEFENDANT

No. 9026SC444

(Filed 19 February 1991)

**Automobiles and Other Vehicles § 253 (NCI4th) — automobile sale — lemon law — not retroactive**

The trial judge correctly dismissed plaintiff's cause of action for failure to state a claim upon which relief could be granted where plaintiff leased an automobile on 14 September 1987, subsequently made several unsuccessful attempts to have the car repaired, and then filed an action alleging that the car was a lemon under N.C.G.S. § 20-351 *et seq*. The rights and obligations involved in the plaintiff's claim arise out of a lease contract which was executed in September of 1987, prior to the time when the statute became effective in October of 1987, and the legislature did not express the intent that this statute be applied retroactively.

**Am Jur 2d, Consumer Products Warranty Acts § 67.**

**Validity, construction, and effect of state motor vehicle warranty legislation (Lemon Law). 51 ALR4th 872.**

ESTRIDGE v. FORD MOTOR CO.

[101 N.C. App. 716 (1991)]

APPEAL by plaintiff from an order entered 17 January 1990 by *Judge Shirley L. Fulton* in the Civil Session of the Superior Court of MECKLENBURG County. Heard in the Court of Appeals 3 December 1990.

*Weaver, Bennett & Bland, P.A., by Bill G. Whittaker and Michael David Bland, for the plaintiff-appellant.*

*Office of General Counsel, Ford Motor Company, by Gary L. Hayden; Maupin, Taylor, Ellis & Adams, P.A., by M. Keith Kapp, Jay A. Gervasi, and Daniel K. Bryson, for the defendant-appellee.*

LEWIS, Judge.

This case presents the Court with one main issue: whether the trial court erred in granting the defendant's motion to dismiss the plaintiff's claim, which was based on the New Motor Vehicles Warranties Act, pursuant to North Carolina Rules of Civil Procedure 12(b)(6) and 41(b).

On 14 September 1987, the plaintiff leased an automobile from an authorized dealer of the defendant's products. The plaintiff alleged that the car began to malfunction about one week after the lease began. The plaintiff also alleged that she took the car for repair to an authorized dealer, but the attempted repairs failed. She returned the car for repairs at least four times. On 18 July 1989, the plaintiff notified the defendant in writing that the defendant had fifteen days in which to repair the car. The defendant requested that the car be taken to a local dealer for repair and the plaintiff complied. However, the repairs were again unavailing.

On 8 September 1989, the plaintiff wrote the defendant that all efforts to fix the car had failed. Further, she wrote pursuant to North Carolina's Motor Vehicle Warranty Act, the defendant had ten days in which to refund certain monies including the full contract price. The defendant refunded nothing.

On 23 October 1989, the plaintiff filed an action alleging that the car she had leased was a "lemon" under the North Carolina "Lemon Law." The plaintiff asked the court to: 1) enter "judgment against the defendant in the sum of $20,796.90," 2) award the plaintiff treble damages under N.C.G.S. § 20-351.2, and 3) award the plaintiff attorney fees under N.C.G.S. § 20-351.3. The defendant's

motion to dismiss was based on the plaintiff's failure to state a claim upon which relief can be granted in that N.C.G.S. §§ 20-351 to 351.10 was not intended to apply retroactively. The defendant also argued that if the statute were applied retroactively, it would be unconstitutional. Defendant also moved for the dismissal of the plaintiff's action based on North Carolina Rule of Civil Procedure 41(b) for failure of the plaintiff to comply with Rule 8(a)(2) of the North Carolina Rules of Civil Procedure. The trial judge granted the defendant's motion to dismiss the plaintiff's action on both grounds.

A motion to dismiss for failure to state a claim upon which relief can be granted should not be allowed unless the complaint affirmatively shows that plaintiff has no cause of action. *Gatlin v. Bray*, 81 N.C. App. 639, 344 S.E.2d 814 (1986). Upon such a motion, all allegations of fact in the complaint are taken as true. *Jackson v. Bumgardner*, 318 N.C. 172, 347 S.E.2d 743 (1986).

Here the trial judge found that the plaintiff did not state a claim upon which relief can be granted because the legislature did not intend N.C.G.S. §§ 20-351 to 351.10 to apply retroactively. The plaintiff argues that she is not attempting to use the statute in her cause of action for defects or conditions which existed prior to the enactment of the statute. Therefore, the plaintiff argues that she is not asking the court to apply the statute retroactively.

The 1987 change in the statutes which created the Act under which the plaintiff seeks to recover was entitled "AN ACT TO PROVIDE REMEDIES FOR CONSUMERS OF NEW MOTOR VEHICLES THAT DO NOT CONFORM TO EXPRESS WARRANTIES." (1987 N.C. Sess. Laws ch. 285.) As the language indicates, the remedies provided under the statute are based on the express warranties which arise at the time the contract is formed. Therefore, the rights and obligations involved in the plaintiff's claim arise out of the lease contract which was executed in September of 1987, prior to the time when the statute came into effect in North Carolina.

"The application of a statute is deemed 'retroactive' or 'retrospective' when its operative effect is to alter the legal consequences of conduct or transactions completed prior to its enactment." *Gardner v. Gardner*, 300 N.C. 715, 718, 268 S.E.2d 468, 471 (1980). To apply the law to the plaintiff would require us to apply the law retroactively. Unless contrary intent is expressed by the legislature or clearly implied by the terms of the statute, we must apply the

**SAMPSON CO. CHILD SUP. ENF. AGENCY EX REL. McNEILL v. STEVENS**

[101 N.C. App. 719 (1991)]

statute prospectively from its effective date. *In Re Will of Mitchell,* 285 N.C. 77, 79-80, 203 S.E.2d 48, 50 (1974) (citations omitted). The legislature did not express the intent that N.C.G.S. §§ 20-351 to 351.10 be applied retroactively; nor is there any clear implication from the statute that the legislature intended to apply the statute retroactively. Instead, the legislature passed the statute in June of 1987 and made its intention clear that the statute become effective in October of 1987.

The trial judge was correct in dismissing the plaintiff's cause of action under N.C.G.S. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted in that the legislature did not intend N.C.G.S. §§ 20-351 to 351.10 to apply retroactively. We need not address whether the judge was correct with respect to the dismissal based on N.C.G.S. § 1A-1, Rule 41(b), as we found the dismissal correct on other grounds.

Affirmed.

Chief Judge HEDRICK and Judge WYNN concur.