MEDIO MONTI, IN HIS OWN RIGHT AND FOR THE USE AND BENEFIT OF THE UNITED STATES OF AMERICA v. UNITED SERVICES AUTOMOBILE ASSOCIATION

No. 914SC1141

(Filed 15 December 1992)

**Insurance §§ 509, 527 (NCI4th) — South Carolina tortfeasor — liability limit below North Carolina minimum — UM and UIM coverage — recovery of either**

Where the South Carolina tortfeasor's automobile policy had a liability limit of $15,000, the minimum required by South Carolina law and $10,000 below the minimum required by North Carolina law, when he injured plaintiff North Carolina resident in an accident in South Carolina, the tortfeasor was both an uninsured and an underinsured motorist under North Carolina statutes, and plaintiff is entitled to seek recovery under either the uninsured or the underinsured provisions of his policy but not both. N.C.G.S. §§ 20-279.21(b)(3) and (4).

**Am Jur 2d, Automobile Insurance §§ 293, 322.**

**Uninsured and underinsured motorist coverage: Recoverability, under uninsured or underinsured motorist coverage, of deficiencies in compensation afforded injured party by tortfeasor's liability coverage. 24 ALR4th 13.**

## MONTI v. UNITED SERVICES AUTOMOBILE ASSN.

[108 N.C. App. 342 (1992)]

Appeal by plaintiff from order entered 12 September 1991 by Judge Gary E. Trawick in Onslow County Superior Court. Heard in the Court of Appeals 21 October 1992.

On 22 August 1988, plaintiff's motorcycle collided with a car driven by James Earl Hurst ("the tortfeasor") after Hurst failed to yield at a stop sign. The accident occurred in South Carolina. Plaintiff was a resident of Camp Lejeune, Onslow County, North Carolina.

The tortfeasor's insurance policy had a liability limit of $15,000.00, the minimum required by South Carolina law. Plaintiff settled his claim against the tortfeasor for the $15,000.00 liability limit. Plaintiff then demanded underinsured motorist (UIM) coverage from defendant insurer, but defendant denied coverage. Therefore, plaintiff filed this action seeking recovery under his policy with defendant. Plaintiff sought recovery both in his own right and also for the use and benefit of the United States for the reasonable value of past and future medical treatment.

Defendant filed a motion to dismiss for failure to state a claim. See N.C.R. Civ. P. 12(b)(6). The trial court granted defendant's motion. From this order plaintiff appeals.

*Roger A. Moore for plaintiff appellant.*

*Wallace, Morris, Barwick & Rochelle, P.A., by Thomas H. Morris and Elizabeth H. McCullough, for defendant appellee.*

ARNOLD, Judge.

The sole issue here is whether the trial court erred in dismissing plaintiff's complaint for failure to state a claim under Rule 12(b)(6). A motion to dismiss under Rule 12(b)(6) "should not be allowed unless the complaint affirmatively shows that plaintiff has no cause of action." *Estridge v. Ford Motor Co.*, 101 N.C. App. 716, 718, 401 S.E.2d 85, 86, *disc. review denied*, 329 N.C. 267, 404 S.E.2d 867 (1991). A Rule 12(b)(6) motion "generally tests the legal sufficiency of the complaint: Has the pleader given notice of such facts as will, if true, support a claim for relief under some legal theory?" *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986).

Defendant asserts that the tortfeasor was an uninsured rather than an underinsured motorist, since his $15,000 liability limit was lower than the $25,000 minimum required by N.C. Gen. Stat. § 20-279.21(b)(2) (1989). Therefore, defendant contends that plaintiff did not have a claim for UIM coverage and the complaint was properly dismissed. Plaintiff concedes that the tortfeasor had only $15,000 in liability coverage, the South Carolina minimum, and therefore he was an uninsured motorist pursuant to G.S. § 20-279.21(b)(3). However, plaintiff argues that the tortfeasor was also an underinsured motorist pursuant to G.S. § 20-279.21(b)(4).

An uninsured motor vehicle includes "a motor vehicle as to which there is no bodily injury liability insurance . . . in at least" the amount of $25,000 to cover bodily injury to one person in any one accident. *Id.* § 20-279.21(b)(3). In addition, G.S. § 20-279.21(b)(4) provides as follows:

> An "uninsured motor vehicle," as described in [G.S. § 20-279.21(b)(3)], includes an "underinsured highway vehicle," which means a highway vehicle with respect to the ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the owner's policy.

Accordingly, the tortfeasor was also an underinsured motorist.

The issue, therefore, is whether UIM coverage and uninsured motorist (UI) coverage are mutually exclusive. Although our Courts have not yet had occasion to address this question, the Minnesota Supreme Court has. In *Murphy v. Milbank Mut. Ins. Co.*, 388 N.W.2d 732, 734 (Minn. 1986), a Minnesota resident was killed in an accident in which the tortfeasor was an Iowa resident. The tortfeasor's limit of liability was $10,000, the minimum required by Iowa law. *Id.* However, the limit of liability required by Minnesota law was $25,000. *Id.* As in our case, the clear statutory language established the tortfeasor as both an uninsured and underinsured motorist. *Id.* at 737. The Minnesota Supreme Court held that

> [t]he issue is one of legislative intent. Only when an insured has an accident in a foreign state with a foreign vehicle having lower liability limits than Minnesota does it appear that the question of duplicative coverage arises. The fact is that the Iowa tortfeasor's vehicle fits the legislature's descrip-

tions of both uninsured and underinsured coverage. The statutory language describing each coverage is complete and unambiguous. It is idle for us to speculate if the legislature intended or even thought about duplicative coverage in a case such as we have here. We must take the legislature at its word. If it seems odd for a vehicle to be both uninsured and underinsured, nothing in the No-Fault Act suggests that oddity cannot be. But if the No-Fault Act allows duplicative coverages, it is clear that the Act does not intend duplicative recoveries. We hold, therefore, that both uninsured and underinsured coverage may be applicable to decedent's Iowa auto accident, and, if so found, plaintiff can recover under either, but not both, coverages.

*Id.* (citations omitted); *but see Fireman's Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 370 S.E.2d 85 (S.C. 1988). We note that plaintiff here is not seeking duplicative recoveries.

In *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 263, 382 S.E.2d 759, 762 (1989), our Supreme Court noted that "[u]ninsured motorist insurance allows a recovery for an injured party where a tortfeasor has no liability insurance. By comparison, UIM coverage allows the insured to recover when the tortfeasor has insurance, but his coverage is in an amount insufficient to compensate fully the injured party." (Citations omitted.) In addition, the Supreme Court noted that

[t]he avowed purpose of the Financial Responsibility Act, of which N.C.G.S. § 20-279.21(b)(4) is a part, is to compensate the innocent victims of financially irresponsible motorists. It is a remedial statute to be liberally construed so that the beneficial purpose intended by its enactment may be accomplished.

*Id.* at 265, 382 S.E.2d at 763 (citations omitted).

With this purpose in mind, we adopt the reasoning of the Minnesota Supreme Court in *Murphy* and hold that plaintiff's complaint states a claim upon which relief can be granted. Plaintiff can recover under either coverage, but not both. Therefore, the order of the trial court dismissing plaintiff's complaint is

Reversed.

Chief Judge HEDRICK and Judge WELLS concur.