HENRY M. FISHER, GUARDIAN FOR JESSIE PENNY FARMER, INCOMPETENT v. WILLIS RAY LAMM

No. 8310SC184

(Filed 7 February 1984)

1. **Venue § 5.1— action to set aside conveyances—removal to counties where property located**

    Where plaintiff brought an action to set aside three conveyances of real property which occurred in three separate counties and in different calendar years, the "subject of the action" under G.S. 1-76 was each discrete tract of land conveyed, and the trial court properly ordered each claim transferred and removed to the county wherein the property concerning such claim was located.

2. **Fraud § 9— constructive fraud—sufficiency of complaint**

    Plaintiff's complaint was sufficient to state a claim to set aside three deeds from plaintiff's ward to defendant on the ground of constructive fraud where the complaint identified the circumstances surrounding the formation and development of the alleged confidential relationship between plaintiff's ward and the defendant; the complaint identified the specific transactions al-

leged to have been procured by means of constructive fraud and the times at which they occurred; the complaint specifically stated that defendant was trusted by plaintiff's ward "to look after her interests" at the time each of the deeds was executed; and the complaint alleged that each of the deeds was given without monetary consideration and that, with the last deed, plaintiff's ward had conveyed to defendant all of her real estate, reserving only a life estate to herself. G.S. 1A-1, Rules 8 and 9(b).

**3. Fraud § 9— constructive fraud—more definite statement**

The trial court erred in granting defendant's motion for a more definite statement with respect to plaintiff's claim to set aside on the ground of constructive fraud a power of attorney given by plaintiff's ward to defendant.

APPEAL by plaintiff from *Hobgood, (Robert H.), Judge.* Order entered 14 December 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 19 January 1984.

In his complaint plaintiff seeks to have three deeds and a power of attorney "set aside and declared null and void" for lack of mental capacity, constructive fraud, and undue influence.

The allegations in plaintiff's complaint, except where quoted, are summarized as follows:

On 16 September 1981, in Nash County, Jessie Penny Farmer was declared to be incompetent, and plaintiff, Henry M. Fisher, was appointed her general guardian. Plaintiff and his ward are residents of Nash County, and the defendant, Willis Ray Lamm, is "a resident of Wake County or Nash County." On 13 April 1977 Mrs. Farmer executed and delivered to defendant a deed conveying to him a tract of land located in Wilson County. On 19 September 1979 Mrs. Farmer executed and delivered to defendant a second deed conveying to him a tract of land located in Nash County. On 30 September 1980 Mrs. Farmer executed and delivered to defendant a third deed conveying to him a tract of land located in Wake County. On 6 November 1980 Mrs. Farmer executed in favor of defendant a power of attorney that, among other things, gave defendant authority to sell Mrs. Farmer's real estate.

In his first claim for relief plaintiff alleged that "at the time of the execution of said deeds" "Jessie Penny Farmer's mental faculties were impaired and . . . she did not understand the nature and consequences or the scope and effect of said deeds." In his second claim for relief plaintiff alleged that "the making and

execution of said deeds were obtained by the defendant's constructive fraud and undue influence. . . ." In his third claim for relief plaintiff alleged that the power of attorney designating defendant as an attorney-in-fact "was executed by Jessie Penny Farmer at a time when she was incompetent . . . to manage her own affairs" and was obtained "by the defendant's constructive fraud and undue influence. . . ."

On 26 April 1982 defendant filed the following motions pursuant to Rule 12, North Carolina Rules of Civil Procedure: (1) a motion "to dismiss the Plaintiff's complaint for improper venue;" (2) in the alternative, a motion "to remove this action for improper venue;" (3) a motion to "dismiss Plaintiff's Second and Third Claims For Relief on the ground that fraud and undue influence must be plead with particularity . . .;" and (4) a motion "for a more definite statement of Plaintiff's allegations of mental impairment, undue influence and fraud. . . ."

On 14 December 1982 the trial court granted defendant's motion for a change of venue and entered an order "[t]hat the part of this action that relates to recorded deed and property in Wilson County, North Carolina be transferred to Wilson County Superior Court." The court entered a similar order regarding the property in Nash County. The trial court also held that defendant's motion to dismiss "the constructive fraud claim in Plaintiff's Second Claim For Relief is granted. Said claim is dismissed without prejudice." Finally, defendant's motion for a more definite statement was granted with respect to "the constructive fraud claim in Plaintiff's Third Claim For Relief," and plaintiff was ordered "to plead with particularity the time and specific acts of constructive fraud alleged. . . ." Plaintiff appealed.

*Harris, Cheshire, Leager & Southern, by Samuel O. Southern, for plaintiff, appellant.*

*Kirby, Wallace, Creech, Sarda & Zaytoun, by David F. Kirby, for defendant, appellee.*

HEDRICK, Judge.

[1] Plaintiff first assigns error to the court's holding that the defendant is entitled to a change of venue as to the Wilson and Nash County property and its order transferring and removing

the claims relating to the Nash County and Wilson County property to those respective counties. Plaintiff contends that "because some of the real property plaintiff seeks to recover is in fact located in Wake County, then venue is proper in Wake County as to all of the property."

Venue in actions affecting title to land is governed, as both parties concede, by N.C. Gen. Stat. Sec. 1-76, which in pertinent part provides:

> Actions for the following causes must be tried in the county in which *the subject of the action, or some part thereof,* is situated, subject to the power of the court to change the place of trial in the cases provided by law:
>
> (1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

(emphasis added). Plaintiff relies on that portion of the statute which refers to "some part thereof" in his argument that venue was proper in Wake County as to all three tracts of land. His reliance is justified only if "the subject of the action" in the instant case is determined to be all of the property, taken as a whole. We must thus first decide whether the record would support such a determination.

We first note that there were three separate conveyances in the instant case, each of a tract of property located entirely within a different county and each in a different calendar year. Indeed, more than two years elapsed between the first and second conveyance. Furthermore, while plaintiff's challenge to each conveyance rests on identical grounds, the evidence necessary to support his contentions will of necessity vary with respect to each deed:

> The incompetency that is offered to show the invalidity of a . . . conveyance must, regardless of its character, exist at the time of the act in question. Thus, the mental capacity of one executing an instrument to pass title to property is to be tested as of the date of the execution and delivery of the instrument. Irrationality before or after the transaction in question is important . . . only to the extent that it bears

upon the competency of the . . . grantor at the time of the transaction.

41 Am. Jur. 2d *Incompetent Persons* Sec. 69 (1968). Our consideration of all these circumstances persuades us that in the instant case "the subject of the action" under N.C. Gen. Stat. Sec. 1-76 was properly determined by Judge Hobgood to be each discrete tract of land. In effect, there are three "subjects," each located in its entirety in a different county. We hold that plaintiff cannot, by mere joinder of these three distinct claims, bring himself within the purview of that portion of the statute which refers to "some part thereof." Thus, Judge Hobgood properly ordered the cases transferred and removed to the county wherein the property is located.

[2]   Plaintiff next assigns error to the trial court's order dismissing "the constructive fraud claim in Plaintiff's Second Claim For Relief." He contends that the allegations set forth within his complaint fall well within the boundaries established by Rules 8 and 9(b), North Carolina Rules of Civil Procedure. Defendant, on the other hand, argues that "Plaintiff's allegations are inadequate under any fraud pleading standard."

The general rule, set out in N.C. Gen. Stat. Sec. 1A-1, Rule 8(a)(1), requires that a complaint contain "[a] short and plain statement of the claim sufficiently particular to give . . . notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief. . . ." In pleading certain "special matters," however, of which fraud is one example, Rule 9(b) requires that the circumstances "be stated with particularity." The application of these rules to the pleading of constructive fraud was recently discussed at length by our Supreme Court in *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E. 2d 674, 678-79 (1981):

A constructive fraud claim requires even less particularity [than a claim for actual fraud] because it is based on a confidential relationship rather than a specific misrepresentation. The very nature of constructive fraud defies specific and concise allegations and the particularity requirement may be met by alleging facts and circumstances (1) which created the relation of trust and confidence, and (2) which led up to and surrounded the consummation of the transaction in which de-

fendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.

(citation omitted).

Our examination of the allegations set forth in plaintiff's second claim for relief reveals that plaintiff has adequately complied with the provisions of Rule 9(b) as construed in *Terry*. Plaintiff has identified the circumstances surrounding the formation and development of the alleged confidential relationship between Mrs. Farmer and the defendant. He has identified the specific transactions alleged to have been procured by means of constructive fraud, and the times at which they occurred. Plaintiff also specifically states that defendant was "trusted by Jessie Penny Farmer to look after her interest" at the time each of the deeds was executed. Finally, he alleges that "[e]ach of said deeds [to defendant] was given without any monetary consideration," and that, with the last deed, Mrs. Farmer "had conveyed to [defendant] all of her real estate, reserving only a life estate to herself." Because we believe these allegations are sufficient under *Terry* to set forth a claim for relief based upon constructive fraud, we hold that the trial court erred in granting defendant's "motion to dismiss" that portion of plaintiff's second claim for relief.

[3] Plaintiff's final assignment of error challenges the court's order granting defendant's motion for a more definite statement "with respect to the constructive fraud claim in Plaintiff's Third Claim For Relief." Here, plaintiff seeks to have set aside the power of attorney executed by Mrs. Farmer in favor of defendant. We note that the trial judge correctly denied defendant's motion to dismiss this claim, thereby implicitly ruling that plaintiff's averments were of sufficient particularity to pass muster under Rule 9(b). The court went on to rule, however, that "Plaintiff's Third Claim For Relief for constructive fraud is so vague that it is unreasonable to require Defendant to respond to such pleadings," and thus ordered plaintiff to "plead with particularity the time and specific acts of constructive fraud alleged. . . ." Our examination of the allegations, performed in light of the holding, previously discussed, in *Terry*, persuades us that the court order requiring a more definite statement of "the time and specific acts of constructive fraud" was unnecessary. A motion for a more definite statement "is the most purely dilatory of all the motions

available under the Rules of Civil Procedure," and should not be granted "[s]o long as the pleading meets the requirements of Rule 8 [here, Rule 9(b)] and fairly notifies the opposing party of the nature of the claim." *Ross v. Ross*, 33 N.C. App. 447, 454, 235 S.E. 2d 405, 410 (1977). Thus we hold that the trial court erred in granting defendant's motion for a more definite statement.

The result is: the order transferring and removing the causes involving the real property in Wilson and Nash Counties to the county in which the land is located is affirmed; the orders dismissing plaintiff's second claim for relief in regard to constructive fraud and requiring a more definite statement as to constructive fraud in plaintiff's third claim for relief are reversed, and the causes are remanded to the Superior Court of Wake County for further proceedings.

Affirmed in part, reversed in part, and remanded.

Judges HILL and EAGLES concur.