BERNARD MARVIN LAVALLEY, Plaintiff,
v.
WAYNIE FELARCA LAVALLEY, Defendant.
No. COA09-230
Court of Appeals of North Carolina
Filed December 22, 2009
This case not for publication
Judith K. Guibert for plaintiff-appellant.
No brief filed for defendant-appellee.
BRYANT, Judge.
Plaintiff Bernard LaValley appeals from an order granting defendant Waynie LaValley's motions for summary judgment entered 1 July 2008, as well as orders entered 15 October 2008 which deny plaintiff's motion to recuse, motions to continue, motion for a more definite statement, motion for a change of venue filed 26 November 2007, and motion for a change of venue for racketeering filed 18 February 2008, and which decree that plaintiff is subject to sanctions and must pay a fine of $1,350.00.
These parties have previously been before this Court in a related matter within the same action. See LaValley v. LaValley, 2005 N.C. App. LEXIS 39 2005 (COA 04-227) (Bryant, J., opinion by) (unpublished), review denied, 359 N.C. 321, 611 S.E.2d 412 (2005). Preliminarily, we note the prior history.
The parties were married on 7 June 1987, and one child . . . was born to the union on 28 April 1988. The parties separated on 25 January 1997, and entered into a separation agreement and property settlement on 26 February 1998. The parties were divorced on 26 May 1998.
On 23 July 2001, plaintiff, representing himself pro se, filed a complaint requesting relief from defendant including the dissolution of a writ of possession to the marital home (which writ defendant had been granted pursuant to the separation agreement in lieu of child support), breach of the separation agreement, contempt, attorney's fees and costs, damages, payment for electrical bills and "for such other and further relief as the court may deem just and proper." Plaintiff thereafter filed a motion for partial summary judgment and defendant filed a motion to dismiss, which came for hearing on 4 December 2001, and were both subsequently denied.
On 11 March 2002, defendant filed a Rule 12(f) motion to strike several paragraphs of the complaint, a Rule 12(e) motion for a more definite statement, an answer to the complaint, and counterclaims. On 21 March 2002, plaintiff filed a motion to strike the responsive pleadings and asserted the affirmative defense of estoppel. These matters came for hearing on 16 April 2002, and by order filed 6 May 2002, the trial court denied plaintiff's motion to strike and defendant's motion for a more definite statement. However, the trial court granted defendant's motion to strike several paragraphs of the complaint . . . .
On 3 June 2002, plaintiff filed a Rule 60 motion requesting that the 6 May 2002 order striking paragraphs from his complaint be set aside, and on 7 June 2003, defendant filed a Rule 56 motion for summary judgment and a Rule 11 motion for sanctions. By order filed 21 January 2003, the trial court denied plaintiff's Rule 60 motion. By orders filed 30 June 2003, the trial court granted defendant's Rule 56 motion for summary judgment and defendant's Rule 11 motion for sanctions, ordering plaintiff to pay $1500.00 in attorney's fees.
Id. In an opinion filed 4 January 2005, we affirmed the orders from which plaintiff appealed. Id.
Pertinent to the current appeal, on 11 March 2002, defendant filed motions, an answer, and a counterclaim alleging plaintiff breached the separation agreement in which plaintiff agreed to pay defendant $3,000.00 each year. On 17 May 2004, defendant filed a motion for summary judgment. Defendant argued that she was entitled to $3,121.60 or 25.16% of plaintiff's military voluntary severance incentive each year and that plaintiff last met this obligation in the year 2000. In the motion filed 17 May 2004 and a second motion filed 4 February 2005, defendant requested that plaintiff be ordered to meet the payment obligations for the years 2001, 2002, 2003, and 2004  totalling $12,486.40.
Defendant filed notices for hearings on her motions on 4 February 2005, for a hearing date of 28 March 2005; on 29 April 2005, for a hearing date of 31 May 2005; and on 30 August 2005, for a 6 September 2005 hearing. Each hearing was continued. On 1 September 2005, in a letter addressed to the trial court, plaintiff stated that defendant's attorney slated motions for a hearing on 6 September 2005 without providing proper notice and that such an action was indicative of defendant's behavior in calendaring prior motions hearings. In response, defendant filed a motion for sanctions.
On 26 November 2007, plaintiff filed a motion to recuse, motion for a continuance, motion for change of venue, and motion for a more definite statement. The same day, plaintiff filed a second motion for a more definite statement. On 19 December 2007, defendant filed a motion for sanctions and costs  asserting that plaintiff's intent was to disrupt the course of the litigation by filing motions with no basis in fact or law and not written in good faith. On 12 February 2008, plaintiff filed a motion for change of venue for racketeering. On 15 February 2008, plaintiff filed a motion requesting a continuance for a hearing scheduled for 18 February 2008. On 18 February 2008, plaintiff filed a motion to recuse. On 8 July 2008, the trial court entered an order which granted defendant's motions for summary judgment filed 17 May 2004 and 4 February 2005. In defendant's motions, she requested payment pursuant to the party's separation agreement for the years 2001, 2002, 2003, and 2004 (totaling $12,486.40); however, judgment was entered against plaintiff in the amount of $21,851.20 ($3,121.60 for years 2001, 2002, 2003, 2004, 2005, 2006, and 2007).
On 3 September 2008, plaintiff filed a Rule 52 Motion requesting that the trial court rule on the outstanding orders in the action and allow plaintiff to determine whether he would appeal. On 15 October 2008, the trial court entered five orders: 1) denying plaintiff's motions to continue entered 15 February 2008, on oral motion before the court; 2) denying plaintiff's 26 November 2007 motion for a more definite statement; 3) denying plaintiff's 26 November 2007 motion for change of venue and 12 February 2008 motion for change of venue for racketeering; 4) denying plaintiff's motion to recuse filed 15 February 2008; but 5) granting defendant's motions filed 23 September 2006 and 19 December 2007 for sanctions. From the summary judgment order entered 1 July 2008 and the orders entered 15 October 2008, plaintiff appeals.
On appeal, plaintiff sets out the following five issues raised after stating twenty-one assignments of error: did the trial court err by (I) denying plaintiff's request for a continuance; (II) granting defendant's request for summary judgment; (III) denying plaintiff's request for a more definite statement; (IV) denying plaintiff's motion for change of venue; and (V) awarding defendant sanctions against plaintiff. We address the arguments in the order they are presented in plaintiff's brief.

Standard of Review
"[Summary judgment shall] be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c) (2007). "[T]he moving party bears the burden of establishing the lack of a triable issue of fact. The motion must be denied where the non-moving party shows an actual dispute as to one or more material issues." Atl. Contr. & Material Co. v. Adcock, 161 N.C. App. 273, 275, 588 S.E.2d 36, 38 (2003) (citation omitted). "The standard of review for summary judgment is de novo." Forbis v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

II and III

First, plaintiff argues the trial court erred by granting defendant's motion for summary judgment and denying plaintiff's motion for a more definite statement. Plaintiff argues that he did not receive proper notice as to the extent of defendant's counterclaim. Specifically, plaintiff argues that the trial court improperly considered and awarded annual payments for years beyond 2004, after defendant filed motions for summary judgment seeking to compel plaintiff to make payments only for years 2001, 2002, 2003, and 2004. Moreover, plaintiff argues that the trial court erred by failing to grant his motion for a more definite statement. We disagree.
"[T]he grant or denial of a motion for a more definite statement rests in the sound discretion of the trial judge, and [the] ruling thereon will not be overturned on appeal absent a showing of abuse of discretion." Ross v. Ross, 33 N.C. App. 447, 454, 235 S.E.2d 405, 410 (1977) (internal citation omitted). "A motion for a more definite statement is the most purely dilatory of all the motions available under the Rules of Civil Procedure, and should not be granted so long as the pleading meets the requirements of Rule 8 . . . and fairly notifies the opposing party of the nature of the claim." Fisher v. Lamm, 66 N.C. App. 249, 254-55, 311 S.E.2d 61, 64 (1984) (citation and internal quotations and brackets omitted).[1] "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." N.C. R. Evid. 12(e) (2007).
Here, in defendant's counterclaim, filed 11 March 2002, defendant argued that plaintiff breached the terms of the separation agreement by failing to pay defendant $3,000.00. In her motion for summary judgment, filed 17 May 2004, defendant argued that $3,121.60 or 25.16% of plaintiff's military voluntary severance incentive was to be paid to defendant each year and that plaintiff last met this obligation in the year 2000. Defendant requested that the trial court order plaintiff to pay the agreed upon amount for the years 2001, 2002, and 2003, and in a motion filed 4 February 2005, included the payment for 2004, amounting to $12,486.40. On 26 November 2007, plaintiff filed a motion for a more definite statement. In it, plaintiff requested that "Defendant make a more definite statement, as to what SPECIFIC ISSUE OR ISSUES THAT SUMMARY JUDGEMENT [sic] WILL ADDRESS, so that counsel and/or Plaintiff can plan for and make proper response." (Original emphasis).
The hearing on defendant's motion for summary judgment was held 18 February 2008. The trial court addressed plaintiff's motion for a more definite statement, determined that defendant's summary judgment motion was adequate, and denied plaintiff's motion. On these facts, we hold that the trial court did not abuse its discretion in denying plaintiff's motion for a more definite statement.
On the day of the hearing, defendant filed and provided plaintiff a copy of an affidavit stating that defendant had not received any payments from plaintiff since 2000, a period of seven years, and that the total amount due was $21,851.20. Plaintiff provided no evidence to dispute the debt. On 8 July 2008, the trial court entered an order allowing defendant's motions for summary judgment and ordered plaintiff to pay $21,851.20. We hold that defendant's counterclaim filed 11 March 2002 was sufficient to apprise plaintiff of the "transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and . . . [a] demand for judgment for the relief to which he deems himself entitled." N.C. R. Civ. P. 8(a) (1),(2) (2007). Moreover, under Rule 56(c), we are entitled to consider the affidavit defendant filed 18 February 2008 in conjunction with the motions for summary judgment filed 17 May 2004 and 4 February 2005.[2] Therefore, based on the record before us, we hold that the trial court did not err in granting defendant's motion for summary judgment. Accordingly, plaintiff's assignments of error are overruled.

I and IV

Next, plaintiff argues that the trial court erred in denying his request for a continuance and for a change of venue. Plaintiff contends that the attorney who agreed to represent him required that the matter be transferred to another venue, and that the trial court's failure to grant plaintiff's motions for a continuance and change of venue amounted to an abuse of discretion. We disagree.
North Carolina General Statutes, section 1-82 "requires that venue in civil actions not specifically provided for in G.S. 1-76 through G.S. 1-81 must be in the county where either plaintiff or defendant resides at the commencement of the suit." Little v. Little, 12 N.C. App. 353, 356, 183 S.E.2d 278, 280 (1971).[3] Moreover, "[v]enue is not jurisdictional. It may be waived unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county. Under G.S. 1A-1, Rule 12 (b) (3), the defense of improper venue may be raised in the answer if no pre-answer motions have been made. If not raised in the answer, the defense is waived." Swift & Co. v. Dan-Cleve Corp., 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975) (internal citations and quotations omitted).
Here, plaintiff filed a complaint initiating this action on 23 July 2001 in Carteret County, North Carolina. Defendant filed an answer 11 March 2002. Over five years later, on 26 November 2007 and again on 12 February 2008, plaintiff filed motions for change of venue. Therefore, plaintiff waived a challenge to venue by delaying his motion for five years. We hold that the trial court did not abuse its discretion in denying plaintiff's motions for a continuance and change of venue. Accordingly, this assignment of error is overruled.

V
Next, plaintiff argues that the trial court erred in awarding defendant sanctions. Plaintiff argues he was not properly served with the motion; his arguments against the award were relevant; and his request for a continuance should have been granted. We disagree.
Under our Rules of Civil Procedure, Rule 11,
[t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
N.C. R. Civ. P. 11 (2007). "[T]he reference to `other papers' should, at least, encompass letters forwarded to a court that seek to influence the court to take particular action. To hold otherwise would encourage parties to avoid compliance with Rule 11 by submitting letters rather than formal motions and pleadings  truly an undesirable result." Dunn v. Canoy, 180 N.C. App. 30, 43-44, 636 S.E.2d 243, 252 (2006).
Here, in a letter to the presiding judge dated 1 September, plaintiff made the following statements:
The entire history of the above cases are full of the same (and more) from [defendant's attorney] who appears to be seeking judicial favors and privileges to not have to follow the rules, including sufficient notice. The history of this case shows clearly that [defendant's attorney] has used this and other personal judicial privileges/and influence with several local judges (not available to other attorneys) to be able to write whatever he wants in the form of a final order that is "rubber stamped" into law by one of these judicial buddies or their close associates: in the complete absence of supporting facts, due process, or influence of myself and my attorneys. This is exactly the way he has done it in both cases up to date, and has allowed child abuse and criminal behavior by his client to quietly remain undiscovered at a jury trial. Very simply, [defendant's attorney] doesn't have to follow the "rules" around here because he simply makes the "rules" whatever he wants them to be.
[Defendant's attorney] has always benefited [sic] from his insufficient notices in the past. The record will show that these insufficient notices are NOT arbitrary acts, but rather, cleverly and tactically designed to benefit himself.
. . .
It is my opinion, . . . that [defendant's attorney] is attempting to get any or all of his/my motions heard in the complete absence of either myself or my attorney, by either not noticing or insufficiently noticing us at a time that either I (for work) or my attorney (medical vacation etc) are out of the area. I object to this.
In response, the trial court granted plaintiff a continuance from the hearing scheduled for the calendar beginning 6 September 2005 until the calendar beginning 18 February 2006. Plaintiff subsequently filed a motion for a change of venue, asserting that attorneys in the local bar feared representing him in the local courts; motions to recuse; and a motion for change of venue for racketeering based on allegations of a racketeering organization between six unnamed attorneys, four named district and superior court judges, named and unnamed judges sitting on the North Carolina Court of Appeals, the Executive Director of the Judicial Standards Commission, the Senior Director of the North Carolina State Bar, officials within the North Carolina Attorney General's Office, and a former governor. The trial court found plaintiff's filing to be improper and inappropriate and most importantly unsworn.[4] Moreover, the trial court found that "plaintiff was previously sanctioned for inappropriate filings in this action[,]" which sanctions were upheld by this Court. See LaValley, 2005 N.C. App. LEXIS 39 2005 (COA 04-227) (2005) (unpublished). We hold the trial court did not err in imposing sanctions against plaintiff. Accordingly, this assignment of error is overruled.
Affirmed.
Judges WYNN and McGEE concur.
Report per Rule 30(e).
NOTES
[1] "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim shall contain (1) [a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and (2) [a] demand for judgment for the relief to which he deems himself entitled." N.C. R. Civ. P. 8 (1),(2) (2007).
[2] North Carolina Rules of Civil Procedure, Rule 56  Summary Judgment. (c) "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c) (2007).
[3] N.C. Gen. Stat. § 1-82. "In all other cases [not specifically set out in the General Statutes] the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside . . . ." N.C.G.S. § 1-82 (2007).
[4] Under North Carolina Rules of Civil Procedure, Rule 56  Summary Judgment. (e) "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." N.C. R. Civ. P. 56(e) (2007). See also, Lineberger v. Colonial Life & Accident Ins. Co., 12 N.C. App. 135, 182 S.E.2d 643 (1971) (holding that letters which were not under oath could not be considered as a supporting or opposing affidavits in a motion for summary judgment).