Willard v. Barger, 2019 NCBC 30.

STATE OF NORTH CAROLINA

DAVIE COUNTY

CHARLES WILLARD and TRACY
BARNES BLIMP WORKS, LLC,

　　　　　Plaintiffs,

v.

WILLIAM BARGER, individually;
WILLIAM BARGER AS EXECUTOR
OF THE ESTATE OF TRACY
BARNES; and BLIMP WORKS, INC.,

　　　　　Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 182

**ORDER AND OPINION ON
PLAINTIFF TRACY BARNES BLIMP
WORKS, LLC'S MOTION FOR A
MORE DEFINITE STATEMENT**

1.　　**THIS MATTER** is before the Court upon Plaintiff Tracy Barnes Blimp Works, LLC's ("TBBW") Motion for a More Definite Statement (the "Motion"), (ECF No. 10), in the above-captioned case.

2.　　The Court, having considered the Motion, the brief in support of the Motion, and the relevant case law, concludes, in the exercise of its discretion, that the Motion should be determined without awaiting response briefs and without a hearing, as permitted by Business Court Rule 7.4.  For the reasons discussed below, the Motion is hereby **DENIED**.

> *Bennett Guthrie Latham, PLLC, by Jasmine M. Pitt, for Plaintiff Tracy Barnes Blimp Works, LLC.*
>
> *Fitzgerald Litigation, by Andrew L. Fitzgerald, D. Stuart Punger, and Lee D. Denton, for Plaintiff Charles Willard.*
>
> *Eisele Ashburn Green & Chapman, PA, by Douglas G. Eisele, for Defendants William Barger, individually and as Executor of the Estate of Tracy Barnes, and Blimp Works, Inc.*

Bledsoe, Chief Judge.

## I.

## BACKGROUND

3.     TBBW and Plaintiff Charles Willard ("Willard") initiated this action against Defendants William Barger ("Barger"), individually and as Executor of the Estate of Tracy Barnes, and Blimp Works, Inc. ("BW") (together, "Defendants") on April 1, 2019, alleging claims for fraudulent conveyance, declaratory judgment, conversion, breach of fiduciary duty, unjust enrichment, breach of contract, unfair and deceptive trade practices, attorneys' fees, and tortious interference with contract arising out of various dealings among and between Tracy Barnes, Willard, Barger, TBBW, and BW.

4.     The case was designated a mandatory complex business case by the Chief Justice of the Supreme Court of North Carolina on April 2, 2019 and assigned to the undersigned the following day.

5.     On April 16, 2019, Defendants filed their Answer and Counterclaims. The second of Defendants' counterclaims (the "Second Counterclaim") is titled "Recovery of Barnes's Loans to TBBW," contains six numbered paragraphs, and alleges that Barnes advanced $337,556.34 in loans to TBBW, which Defendants now seek to recover.

6.     On May 1, 2019, TBBW filed the Motion, together with a supporting brief. At the same time, TBBW filed its Answer to Defendants' Counterclaims (the "Reply"). In its Reply, TBBW set forth specific responses to each of the numbered paragraphs in Defendants' Counterclaims.

7.     The Court has determined, in the exercise of its discretion, that the Motion should be resolved without a hearing, consistent with BCR 7.4, and prior to any response by Defendants.  The Motion is thus ripe for determination.

II.

ANALYSIS

8.     In ruling on a motion for a more definite statement under Rule 12(e) of the North Carolina Rules of Civil Procedure (the "Rule(s)"), the Court considers whether "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]"  N.C. R. Civ. P. 12(e).  Motions for a more definite statement are not favored by the courts and are "sparingly granted because pleadings may be brief and lacking in factual detail, and because of the extensive discovery devices available to the movant."  *Ross v. Ross*, 33 N.C. App. 447, 454, 235 S.E.2d 405, 410 (1977); *see, e.g.*, *Fisher v. Lamm*, 66 N.C. App. 249, 254–55, 311 S.E.2d 61, 64 (1984) (applying *Ross* to reverse trial court's grant of motion under Rule 12(e)).

9.     If the contested pleading meets the standards of North Carolina Rule of Civil Procedure 8 and the opposing party is adequately notified of the nature of the claim, a motion for more definite statement should be denied.  *Ross*, 33 N.C. App. at 454–55, 235 S.E.2d at 410; *see Gatlin v. Bray*, 81 N.C. App. 639, 644, 344 S.E.2d 814, 817 (1986) ("Pleadings comply with our present concept of notice pleading if the allegations in the [pleading] give [the opposing party] sufficient notice of the nature and basis of [the] claim to file an answer, and the face of the complaint shows no

insurmountable bar to recovery." (citation omitted)). Because motions for a more definite statement are "the most purely dilatory of all the motions available under the Rules of Civil Procedure," *Ross*, 33 N.C. App. at 454, 235 S.E.2d at 410, our appellate courts have instructed that they "should be scrutinized with care[,]" *Johnson v. Bollinger*, 86 N.C. App. 1, 12, 356 S.E.2d 378, 385 (1987).

10.    TBBW argues here that because Defendants' Second Counterclaim "make[s] very broad general allegations without factual support or specifics," pleads "conclusory statements," and fails to "reference[] or provide[] any documents" to support a claim for recovery of alleged loans, TBBW "cannot reasonably be required to frame a response to Defendants' allegations, other than to deny them in full." (Pl. TBBW's Br. Supp. Mot. More Definite Statement 2–3 [hereinafter "TBBW Br."], ECF No. 11.)

11.    The Court has reviewed Defendants' Second Counterclaim in light of Rule 8's notice pleading requirements and concludes that the allegations of the Second Counterclaim satisfy Rule 8 and fairly notify TBBW of the nature and basis of Defendants' claim against it. Indeed, TBBW was able to sufficiently comprehend the Second Counterclaim such that it filed its Reply contemporaneously with the Motion. *See* 1 G. Gray Wilson, *North Carolina Civil Procedure* § 12-15 (3d ed. 2007) ("[A] defendant can hardly claim that a complaint is unintelligible if he comprehends the pleading enough to file an answer responding to each of its allegations."). Moreover, the nub of TBBW's challenge is that Defendants have not alleged a right of immediate repayment or the existence of any writing evidencing the alleged loans. (TBBW Br.

3.) Such absence of factual detail, however, does not cause Defendants' allegations to fail the liberal notice pleading requirements of Rule 8, considering the entirety of the Second Counterclaim. TBBW's demand for further factual detail is properly made through the Rules relating to discovery (i.e., Rules 26–36), not Rule 12(e). *See Ross*, 33 N.C. App. at 456, 235 S.E.2d at 411.

12. Accordingly, because Defendants' Second Counterclaim is not so "vague or ambiguous that [TBBW] cannot reasonably be required to frame a responsive pleading," N.C. R. Civ. P. 12(e), the Court concludes that TBBW's Motion should be denied.

## III.

## CONCLUSION

13. **WHEREFORE**, for the foregoing reasons, TBBW's Motion for a More Definite Statement is hereby **DENIED**.[1]

**SO ORDERED**, this the 14th day of May, 2019.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge

---

[1] The Court's ruling is without prejudice to TBBW's rights under Rule 12(c) or Rule 56 and does not forecast the Court's ruling on any such motion that TBBW may elect to pursue.