Clue Prop. Dev., LLC v. Switzenbaum & Assocs., Inc., 2022 NCBC 60.

STATE OF NORTH CAROLINA

CABARRUS COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 2119

CLUE PROPERTY DEVELOPMENT,
LLC and CHRISTENBURY LAND
DEVELOPMENT-PARCEL-1, LLC,

Plaintiffs,

v.

SWITZENBAUM AND ASSOCIATES,
INC.; CHRISTENBURY OFFICE
COMMONS, LLC; SYCAMORE AT
CHRISTENBURY, LLC; and SAM
SWITZENBAUM,

Defendants.

**ORDER AND OPINION ON
DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT
OR IN THE ALTERNATIVE
MOTION FOR A MORE DEFINITE
STATEMENT**

1.     **THIS MATTER** is before the Court on Defendants Switzenbaum and Associates, Inc., Christenbury Office Commons, LLC, Sycamore at Christenbury, LLC, and Sam Switzenbaum's (together, "Defendants"), Motion to Dismiss the Amended Complaint, or in the alternative, for a More Definite Statement (the "Motion") filed on 17 May 2022. (ECF No. 53 ["Mot."].) The Motion requests that the Court dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure (the "Rule(s)") for failure to state a claim upon which relief may be granted. Alternatively, the Motion requests that the Court order Plaintiffs to cure defects in the Amended Complaint described in the Motion pursuant to Rule 12(e).

2.     For the reasons set forth in this Order and Opinion, the Court hereby **DENIES** the Motion in part, and **GRANTS** the Motion in part.

*Rosenwood, Rose & Litwak, PLLC by Erik M. Rosenwood and Joseph W. Milam, for Plaintiffs.*

*Hamilton Stephens Steele + Martin, PPLC by Allen L. West and Graham B. Morgan, and Schnader Harrison Segal & Lewis, LLP by David Smith, pro hac vice, for Defendants.*

Robinson, Judge.

## I. PROCEDURAL BACKGROUND

3. The Court sets forth here only those portions of the procedural history relevant to its determination of the Motion.

4. Clue Property Development, LLC ("Clue") and Christenbury Land Development-Parcel-1 LLC ("CLD-Parcel-1") (together, "Plaintiffs") initiated this action by filing the Complaint on 21 June 2021. (ECF No. 3.) Defendants answered on 13 September 2021. (Answer ¶ 6, ECF No. 12 ["Answer"].)

5. Plaintiffs filed the Verified Amended Complaint ("Amended Complaint") on 18 March 2022, asserting nine claims for relief against Defendants. (Verified Am. Compl., ECF No. 43 ["Am. Compl."].)

6. Against Switzenbaum and Associates, Inc., Plaintiffs assert claims for: (1) breach of contract requesting specific performance; (2) breach of the covenant of good faith and fair dealing; (3) breach of contract requesting monetary damages; (4) violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1, et. seq., (the "UDTPA"); and (5) punitive damages. (Am. Compl. ¶¶ 70–87, 95–105, 118–23, 137–43.)

7. Against Christenbury Office Commons, LLC, Plaintiffs assert claims for: (1) breach of contract seeking specific performance; (2) tortious interference with a

contract; (3) violations of the UDTPA; and (4) specific performance through veil-piercing and/or the instrumentality rule. (Am. Compl. ¶¶ 70–78, 106–11, 118–36.)

8. Against Sycamore at Christenbury, LLC, Plaintiffs assert a claim for negligence. (Am. Compl. ¶¶ 112–17.)

9. Against Sam Switzenbaum, Plaintiffs assert claims for: (1) fraud in the inducement; (2) tortious interference with a contract; (3) violations of the UDTPA; and (4) punitive damages. (Am. Compl. ¶¶ 88–94, 106–11, 118–23, 137–43.)

10. The Motion was filed on 17 May 2022 and has been fully briefed. On 20 September 2022, the Court held a hearing on the Motion, at which all parties were represented by counsel (the "Hearing"). Having considered the Motion, briefs from the parties, and arguments at the Hearing, the Motion is now ripe for resolution.

## II. FACTUAL BACKGROUND

11. The Court does not make findings of fact on a motion to dismiss pursuant to Rule 12(b)(6) but only recites those factual allegations that are relevant and necessary to the Court's determination of the Motion. *See Charah, LLC v. Sequoia Servs. LLC*, 2019 NCBC 17, ¶ 2 (N.C. Super. Ct. Mar. 11, 2019).

### A. The Parties

12. Clue is a North Carolina limited liability company with its principal office located in Kannapolis, North Carolina. (Am. Compl. ¶ 5.) Joe G. Untz ("Untz") is the managing member of Clue. (Am. Compl. ¶ 5.)

13. CLD-Parcel-1 is a North Carolina limited liability company with its principal office located in Kannapolis, North Carolina. (Am. Compl. ¶ 7.) Untz has

at all relevant times been the managing member of CLD-Parcel-1. (Am. Compl. ¶¶ 16–21.)

14. Switzenbaum and Associates, Inc. ("SAI") is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. (Am. Compl. ¶ 8; Answer ¶ 6.)

15. Christenbury Office Commons, LLC ("Christenbury Office Commons") is a Delaware limited liability company with its principal place of business in Wilmington, Delaware. (Answer ¶ 8.)

16. Sycamore at Christenbury, LLC ("Sycamore") is a Delaware corporation with its registered agent located in Wilmington, Delaware. (Am. Compl. ¶ 11; Answer ¶ 9.)

17. Sam Switzenbaum is an individual residing in Pennsylvania. (Answer ¶ 7.)

B. **The Relevant Property and Agreements**

18. In 2007, Untz began due diligence and negotiations with Christenbury Farms, Inc. to purchase approximately 98.89 acres of land in Cabarrus County and Mecklenburg County, North Carolina (the "Property"). (Am. Compl. ¶ 16.)

19. Plaintiffs allege that Clue was formed in 2017 and is a "successor in interest to a predecessor entity" named Cue[1] Property Development, LLC ("CUE").[2] (Am.

---

[1] The Court notes at the outset the potential for confusion between the names "Clue" and "CUE."

[2] Defendants note that CUE was never a legal entity in North Carolina, but Cue Development Group, LLC was. (Br. Supp. Mot. 9.) Thus, they argue, this is a basis for dismissal of the Amended Complaint. (Br. Supp. Mot. 9.) Plaintiffs admit that it was a mistake to refer to Cue Property Development, LLC, and that Plaintiffs meant to refer to Cue Development Group, LLC. (Pls.' Br. Opp. 10–11.) Plaintiffs argue that a scrivener's error, regardless of which Defendants were able to independently ascertain the intended entity, should not give

Compl. ¶ 6.)  In the Amended Complaint, the defined term "Clue" refers to the two entities Clue and CUE together.  (Am. Compl. ¶ 6.)

20.    Cue Development Group, LLC was formed on 9 February 2007 and dissolved on 2 February 2017.  (Defs.' Mem. Supp. Mot. Dismiss 3, ECF No. 54 ["Br. Supp. Mot."].)  Clue was formed on 5 May 2017.  (Br. Supp. Mot. Ex. C, ECF No. 54.3.)

21.    In May 2017, shortly after its formation, Clue contracted with Christenbury Farms, Inc. for the purchase of the Property.  (Am. Compl. ¶ 17.)  The Property is divided into three parcels: Parcel 1, Parcel 2, and Parcel 3.  (Am. Compl. Ex. A, ECF No. 43.1 ["Plat Map"].)  Parcel 2 was to be developed into a large high-end multi-family apartment complex, and Parcel 3 was to be developed into townhomes by Clue or a third-party.  (Am. Compl. ¶¶ 19, 22.)

22.    Clue alleges it negotiated an agreement with SAI and Sam Switzenbaum pursuant to which SAI would purchase Parcel 2 for the same price Clue paid to purchase it, and in exchange, SAI would finance the purchase of Parcel 1.  (Am. Compl. ¶ 20.)  This would cause Parcel 1 to be deeded to CLD-Parcel-1, an entity allegedly formed for the sole purpose of owning Parcel 1.  (Am. Compl. ¶ 20.)

23.    On 25 July 2018, it is alleged that Plaintiffs and SAI entered into the Contract for the Purchase of Property (the "Purchase Agreement") regarding the

rise to dismissal of the entire Amended Complaint.  (Pls.' Br. Opp. 11.)  While the Court ultimately determines this is not a basis for dismissal, the Court, for purposes of this Order and Opinion, defines "CUE" to mean the entity referred to throughout the Complaint, and otherwise refers to Cue Development Group, LLC as such.  Given the Court's conclusion on the Motion, the Court refers to the entities separately for clarity.

development of Parcel 1. (Am. Compl. ¶ 35; Am. Compl. Ex. B, ECF No. 43.2 ["Purchase Agreement"].)

24. Paragraph 2(b) of the Purchase Agreement provides that,

> [d]uring the Due Diligence Period, Buyer[, CLD-Parcel-1 and SAI,] and Seller[, Clue,] shall jointly develop and Buyer shall submit a Master Plan for the entirety of the North Parcel and receive subdivision, Planned Unit Development, or any other similar categorization for approval under the zoning laws of the City of Concord and Cabarrus County as applicable as set forth in Section 13 hereunder "Master Plan") and a subdivision plan ("Subdivision Plan") dividing the North Parcel into Lots 1, 2 and 3 all in accordance with Seller's obligation under the Prime Contract. The Costs to prepare and file the Master Plan and Subdivision Plan shall be paid by Buyer and allocated between each Buyer in the manner that they offer; *however, Buyer and Seller shall agree on a prorated allocation of infrastructure costs benefitting the entire North Parcel, including expenses previously paid by Seller.*

(Purchase Agreement ¶ 2(b)) (emphasis added).

25. Paragraph 2(d) of the Purchase Agreement required Clue to convey Parcel 1 to CLD-Parcel-1 at the time of closing, and Parcel 2 would be conveyed to SAI. (Am. Compl. ¶ 41.) In exchange, and as contemplated, SAI would loan Clue the funds to purchase Parcel 1 and Parcel 2, and that loan would allegedly be forgiven at the time title in Parcel 2 was transferred to SAI. (Am. Compl. ¶ 42.) This exchange was later modified by various addenda to the Purchase Agreement. (*See generally* Purchase Agreement.)

## III. LEGAL STANDARD

26. In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court reviews the allegations of the Amended Complaint in the light most favorable to Plaintiff. The Court's inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be

granted under some legal theory." *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670 (1987). The Court construes the Amended Complaint liberally and accepts all well-pleaded factual allegations as true. *Laster v. Francis*, 199 N.C. App. 572, 577 (2009). The Court is not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Good Hope Hosp., Inc. v. N.C. HHS, Div. of Facility Servs.*, 174 N.C. App. 266, 274 (2005).

27. Our Supreme Court has noted that "[i]t is well-established that dismissal pursuant to Rule 12(b)(6) is proper when '(1) the [Amended Complaint] on its face reveals that no law supports the . . . claim; (2) the [Amended Complaint] on its face reveals the absence of facts sufficient to make a good claim; or (3) the [Amended Complaint] discloses some fact that necessarily defeats the . . . claim.' " *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615 (2018) (quoting *Wood v. Guilford Cty*, 355 N.C. 161, 166 (2002)). This standard of review for Rule 12(b)(6) is the standard our Supreme Court "uses routinely . . . in assessing the sufficiency of complaints in the context of complex commercial litigation." *Id.* at 737 n.7.

28. In ruling on a motion for a more definite statement under Rule 12(e), the Court considers whether "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" N.C.G.S. § 1A-1, Rule 12(e). Motions for a more definite statement are not favored by our courts and are "sparingly granted because pleadings may be brief and lacking in factual detail, and because of the extensive discovery

devices available to the movant." *Ross v. Ross*, 33 N.C. App. 447, 454 (1977). "If the contested pleading meets the standards of [Rule] 8 and the opposing party is adequately notified of the nature of the claim, a motion for more definite statement should be denied." *Willard v. Barger*, 2019 NCBC 30, ¶ 9 (N.C. Super. Ct. May 14, 2019) (citing *Ross*, 33 N.C. App. at 454–55).

## IV.    ANALYSIS

### A.    Motion to Dismiss the Amended Complaint

29.    Defendants argue that paragraph 2(b) of the Purchase Agreement is limited only to Clue, given that the term "Seller" is defined as "Clue Property Development, LLC" and does not include CUE. (Br. Supp. Mot. 5–6.) Defendants also argue that Plaintiffs' claims are based on the legal conclusion that Clue is a successor in interest to CUE, but that Plaintiffs do not allege any facts establishing successorship. (Br. Supp. Mot. 6.)

30.    Further, Defendants argue that defining "Clue" in the Amended Complaint to include both Clue and CUE taints every count of the Amended Complaint. Specifically, Defendants contend that, due to the lack of legal successorship, Clue cannot claim as monetary damages in Count 4 the infrastructure costs referenced in paragraph 2(b) of the Purchase Agreement, and thus, dismissal is proper. (Defs.' Reply Br. 1, ECF No. 59 ["Defs.' Reply"].)

31.    Plaintiffs respond that dismissal of the entire Amended Complaint would be improper, given that Defendants' Motion relates only to a portion of damages sought in Count 4, a claim for breach of contract against SAI. (Pls.' Opp. Defs.' Mot.

8, ECF No. 58 ["Pls.' Opp. Br."].) Plaintiffs also argue that a failure to allege formal merger or purchase between Clue and CUE is not a bar to any of their claims and is irrelevant as to questions of damages Clue incurred during the construction of infrastructure contemplated by the Purchase Agreement. (Pls.' Opp. Br. 5.)

32. As a preliminary matter, the Motion only disputes the sufficiency of the allegations in one of the nine claims for relief: the damages related to Count 4. As to the other counts, Defendants merely allege the Amended Complaint is defective due to Plaintiffs' use of the defined term "Clue". Therefore, the Court begins by analyzing the sufficiency of the claim alleged in Count 4, and then turns to whether the Amended Complaint as a whole is so tainted by use of the defined term "Clue" that it warrants dismissal.

33. To state a claim for breach of contract in North Carolina, a plaintiff need only allege "(1) [the] existence of a valid contract and (2) [a] breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26 (2000).

34. Plaintiffs allege the Purchase Agreement[3] is a valid and enforceable contract; that there were costs incurred by Clue prior to entering into the Purchase Agreement which were to be allocated among the ultimate Parcel owners; that SAI has refused to pay its pro rata share of costs associated with development of Parcel 2; that SAI was required to convey Parcel 1 to CLD-Parcel-1 and has failed to do so;

---

[3] In the Amended Complaint, the Purchase Agreement is defined as the "Development Contract". The Court does not use that designation in this opinion but notes, for clarity, that the agreements are the same.

and that these enumerated acts constituted a breach of the Purchase Agreement. (Am. Compl. ¶¶ 96–97, 100, 103–04.)

35. The Court therefore concludes that Plaintiffs have set forth factual allegations sufficient to state a claim for breach of the Purchase Agreement.

36. The remaining issue, then, is whether the Amended Complaint is so flawed by use of the defined term "Clue" that dismissal is proper. (*See* Br. Supp. Mot. 6.) Given that the Court must take the allegations in the light most favorable to the Plaintiffs, and that the well-pled allegations of the Amended Complaint must be viewed as admitted, the use of "Clue" to refer to both Clue and CUE is not a flaw warranting dismissal.

37. Defendants first argue that Plaintiffs' claim for infrastructure costs include damages suffered by CUE, and thus the claim must be dismissed as contrary to the language of paragraph 2(b) of the Purchase Agreement. This argument fails because Plaintiffs have stated a claim upon which relief may be granted as to Count 4. Therefore, whether Clue is a successor to CUE is irrelevant to whether Plaintiffs have validly stated a claim in Count 4.

38. Next, the Amended Complaint states that Clue is a successor in interest to CUE. Defendants contend that successorship is not properly alleged in the Amended Complaint. However, as our Court of Appeals has held,

> a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This . . . generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery.

*Brown v. Brown*, 21 N.C. App. 435, 436 (1974) (citing *Sutton v. Duke*, 277 N.C. 94 (1970)). The term "successor" means one that "succeeds or follows; one who takes the place that another has left, and sustains the like part or character; one who takes the part of another by succession." *TaiDoc Tech. Corp. v. OK Biotech Co.*, 2015 NCBC 71, ¶ 34 (N.C. Super. Ct. July 17, 2015) (quoting *Terres Bend Homeowners Assoc. v. Overcash*, 185 N.C. App. 45, 51 (2007)).

39.     Plaintiffs contend that the failure to allege a formal merger or purchase agreement between Clue and CUE is not a bar to any of their claims. (Pls.' Br. Opp. 5.) Plaintiffs argue that the members of Cue Development Group, LLC formed Clue to accommodate the addition of a new member. (Pls. Br. Opp. 5.) Further, they argue that the evidence "will show that Clue has expenses and obligations that were transferred from Cue Development Group, LLC and/or [its] members" prior to the time it ceased to operate, but that the parties have not developed any evidence about this transition in discovery. (Pls.' Br. Opp. 5–6.)

40.     The evidence represented to the Court and opposing counsel by Plaintiffs in response to the Motion and at the Hearing is sufficient to show that Plaintiffs may be able to prove some facts which support a finding of successorship. The Court finds that, viewed in the light most favorable to the Plaintiffs, the Amended Complaint should not be dismissed for insufficiency, given that it does not appear "to a certainty" that Plaintiffs are entitled to no relief. *See Sutton v. Duke*, 277 N.C. 94, 103 (1970). Plaintiffs have alleged facts which, if proven, may support a finding of successorship entitling Clue to damages suffered by Cue Development Group, LLC. Put another

way, based on the allegations contained in the Amended Complaint, the Court cannot, and therefore will not, at the Rule 12(b) stage, make a factual determination as to whether entitlement to damages based on successorship is proper.

41. Therefore, the Court DENIES the Motion to dismiss the Amended Complaint without prejudice.

**B.**     **Motion for a More Definite Statement**

42. Defendants also argue that Plaintiffs' claims are so vague and ambiguous that, if their request for outright dismissal of the Amended Complaint is denied, a more definite statement is required so that Defendants may properly respond to the Amended Complaint. (Br. Supp. Mot. 14.) Defendants argue that Plaintiffs' allegations fail to identify which entity, Clue or CUE, "did what on whose behalf, when they did it, or to which of the [P]arcels the alleged work related." (Br. Supp. Mot. 14.)

43. In response to the Motion, Plaintiffs argue that Defendants plainly understand the damages sought in Count 4 of the Amended Complaint, and that the scrivener's error in paragraph 6 of the Amended Complaint, regarding the CUE entity, has not been the subject of an objection and the Plaintiffs have no objection to correcting the error contained therein. (Pls.' Br. Opp. 15.)

44. The Court has reviewed Plaintiffs' Amended Complaint in light of Rule 8's notice pleading requirement and concludes that, while the allegations satisfy Rule 8, Defendants have not been fairly put on notice of the nature of Plaintiffs claims against them.

45. The Court agrees that Plaintiffs must plead the essential facts establishing a successor-in-interest relationship between Clue and Cue Development Group, LLC under North Carolina Law. While the failure to do so was not sufficient to warrant dismissal of the Amended Complaint, it *is* sufficient to establish the need for a more definite statement because Defendants are unable to sufficiently respond to the allegations in the Complaint regarding damages to "Clue".

46. Further, the Court agrees with Defendants that Plaintiffs' use of "Clue" as defined in the Complaint is so vague that, even through discovery, it might be impossible for Defendants to determine which entity was damaged and by what conduct. To the extent that there were damages suffered by Cue Development Group, LLC that were passed to Clue via successorship, the Amended Complaint is ambiguous. Therefore, the Court concludes, it would be impossible for Defendants to frame a responsive pleading given Plaintiffs' failure to specify which entity Plaintiffs are referring to when alleging facts about "Clue".

47. Therefore, the Court in its discretion GRANTS the Motion for a more definite statement.

## V. CONCLUSION

48. For the foregoing reasons, Plaintiffs are directed to file a more definite statement by way of a further amended complaint clarifying the successor relationship between Clue and Cue Development Group, LLC and to specifically denote those entities individually as opposed to using the defined term "Clue". Plaintiffs are directed that no new causes of action may be added through this

amendment.  Plaintiffs have 14 days from the issuance of this Order and Opinion to amend the Amended Complaint in compliance with this Order.

49.     The Court hereby **GRANTS** the Motion in part and **DENIES** the Motion in part, without prejudice, as follows:

    a.     Defendants' Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) is **DENIED**; and

    b.     Defendants' Motion for More Definite Statement pursuant to Rule 12(e) is **GRANTED**.

**SO ORDERED**, this the 14th day of October, 2022.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases